Clinton H. WEBB and Robbie
L. Webb, Plaintiffs,

v.

JUST IN TIME, INC., Roger L. Jones
and Edward L. Hastings,
Defendants.

Roger L. JONES and Donna
Jones, Plaintiffs,

v.

Clinton H. WEBB and Central
Transport, Inc., Defendants.

Nos. 90–CV–70373–DT, 91–CV–70222–DT.

United States District Court,
E.D. Michigan, S.D.

July 22, 1991.

Paul R. Swanson, Detroit, Mich., for
plaintiffs.

W.J. Zotter, Detroit, Mich., for respondents-claimants.

## OPINION

GILMORE, District Judge.

In this case, two claims involving the same accident were filed in separate forums. One suit was brought in federal court, and the other in state court. The state court claim was subsequently removed to federal court on the basis of diversity jurisdiction.

Independently, both claims have complete diversity of citizenship. However, when the claims are consolidated and parties are realigned, the diversity appears to be destroyed as there is a Michigan citizen on both sides of the action. Despite the assertions of the parties, this is not the typical case where the doctrines of ancillary or pendent jurisdiction apply; the question presented in this case is not whether the Court has jurisdiction over the second claim. The question instead is whether jurisdiction over the entire action, once the claims are consolidated, is lost due to lack of complete diversity of citizenship. As the following analysis demonstrates, the Court finds that the claims should be consolidated, and that this Court maintains jurisdiction over the action.

### I.

On March 1, 1988, at approximately 2:50 a.m., a truck operated by Roger Jones and a truck operated by Clinton Webb collided on a public highway in Jackson County, Michigan. Both Jones and Webb were injured. Jones, a Florida citizen, was in the employ of Just In Time, Inc., a Delaware corporation with its principal place of business in Michigan. The truck Jones was driving was owned by Edward Hastings,

an Ohio citizen. Central Transport, Inc., a Michigan corporation with its principal place of business in Michigan, owned the vehicle driven by Webb, who was a citizen of Indiana.

On February 9, 1990, Webb and his spouse filed an action in this Court alleging that Jones' negligence in operating his truck caused the collision. The Webbs alleged that Just In Time, Inc. was liable because Jones was their agent. In addition, the Webbs alleged that Hastings was liable as the owner of the vehicle pursuant to the Michigan Civil Liability Statute, M.C.L.A. § 257.401.

On January 7, 1991, Jones filed a suit in Macomb County Circuit Court alleging that it was Webb's negligence which caused the accident and that Webb was liable for injury to Jones. Jones also alleged that Central Transport, Inc. was responsible for Webb's negligence under M.C.L.A. § 257.-401.

By notice of removal submitted January 15, 1991, the Jones' action was moved to federal court, and was reassigned to this Court by order of April 12, 1991. The issues presented here are whether the cases should be consolidated, and, if so, whether jurisdiction is destroyed by such consolidation.

## II.

### A. Consolidation

■ In addressing whether actions should be consolidated, the analysis must begin with the applicable Federal Rule of Civil Procedure.[1] Rule 42(a) states that "[w]hen actions involving a common question of law or fact are pending before the court, ... it may order all the actions consolidated." Fed.R.Civ.P. 42(a). This rule is permissive; if the actions involve a common question, it is within the court's discretion to order consolidation.

Consolidation of these claims is proper pursuant to the Rule. Both involve the common question of which party's negligence caused the accident. The Court would be acting within its discretion in ordering consolidation of these suits.

In addition, this Court has determined that consolidation of these two actions is mandatory under Rule 13(a), the rule governing compulsory counterclaims. If a claim "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim," it must be brought in the same proceeding. Fed.R.Civ.P. 13(a). Wright and Miller recite the following tests for determining whether claims arise out of the same transaction or occurrence:

1. Are the issues of fact and law raised by the claim and the counterclaim largely the same?

2. Would res judicata bar a subsequent suit on defendant's claim absent the compulsory counterclaim rule?

3. Will substantially the same evidence support or refute plaintiff's claim as well as defendant's counterclaim?

4. Is there any logical relation between the claim and the counterclaim?

Wright, Miller & Kane, *Federal Practice and Procedure:* Civil 2d § 1410 (1990).

When applying these tests to the pending actions, it becomes obvious that the Jones' claim is a compulsory counterclaim to the Webb claim.[2] The issues of fact and law are nearly identical in the two claims, as the same accident is at the core of both allegations. The doctrine of res judicata would bar the separate suit through its prohibition against splitting a cause of action. The same evidence will be involved in either supporting or refuting the parties' allegations and there is a logical relation between the two claims. The assertions made by the parties are in direct contradiction of each other; Webb claims that the accident was caused by Jones' negligence,

1. It is not necessary for the parties to file a motion for consolidation in order for the Court to consider the issue. A court is authorized to address the issue sua sponte. Wright and Miller, *Federal Practice and Procedure:* Civil § 2383 (1971).

2. In addition to asserting a counterclaim against Webb, the Jones also included Central Trans-

port as a defendant in the action. Because Jones' claim against Webb is a compulsory counterclaim, the addition of Central Transport will be handled pursuant to Federal Rule of Civil Procedure 13(h), which provides for joinder of additional parties in counterclaims.

whereas Jones claims that it was due to Webb's negligence. Because the Jones' action is a compulsory counterclaim to that of Webb, the mandatory language of Rule 13(a) ("[a] pleading *shall* state") requires that this Court order consolidation of the two claims.

The purpose of the rule as to compulsory counterclaims is "to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters." *Southern Constr. Co. v. United States,* 371 U.S. 57, 60, 83 S.Ct. 108, 110, 9 L.Ed.2d 31 (1962). Having determined that these disputes arise from a common accident, time and money of both the judiciary and the parties will be spared by resolving the entire dispute in one trial. *See Morrow v. District of Columbia,* 417 F.2d 728, 738 (D.C.Cir.1969).

Furthermore, fairness to Webb requires that he be allowed to address all issues in relation to the collision in the same forum. Jones brought the second action in state court; Webb was involuntarily brought into state court as a defendant in Jones' action, although he had filed the original lawsuit in federal court. Any result other than consolidation would cause unfair prejudice to Webb, as he would be forced to endure the expense and inconvenience of litigation of the same issues in two separate trials. *See Revere Copper & Brass Inc. v. Aetna Casualty & Surety Co.,* 426 F.2d 709 (5th Cir.1970).

Thus, Rules 42(a) and 13(a), case law and policy considerations all indicate that the claims in these two actions must be consolidated.

**B. Citizenship and Alignment of the Parties**

Having determined that consolidation is proper, the Court must now consider the effect of consolidation on its diversity jurisdiction. Before addressing this issue, the citizenship of the parties should be reviewed. The citizenship of the parties is summarized in the following chart:

ORIGINAL SUIT

**WEBB**
[Indiana]

v.

**JUST IN TIME**
[Incorporated: Delaware; Place of business: Michigan]

&
**JONES**
[Florida]

&

**HASTINGS**
[Ohio]

SUIT REMOVED AND REASSIGNED

**JONES**
[Florida]

v.

**WEBB**
[Indiana]

&
**CENTRAL TRANSPORT**
[Incorporated: Michigan; Place of business:

Michigan]

---

Although there appears to be no problem with diversity of citizenship as the parties are set out above, "it is the court's duty to 'look beyond the pleadings and arrange the parties according to their sides in the dispute.'" *Employers Ins. of Wausau v. Crown Cork & Seal Co.,* 905 F.2d 42, 45 (3rd Cir.1990) (quoting *Indianapolis*

*v. Chase Nat'l Bank,* 314 U.S. 63, 69, 62 S.Ct. 15, 17, 86 L.Ed. 47 (1941) (citations omitted)). Once the parties have been properly aligned, the applicable rule is that "a federal court is devoid of diversity jurisdiction unless there is a diversity of citizenship between all plaintiffs and all defendants." [3] *Fletcher v. Advo Systems, Inc.,* 616 F.Supp. 1511, 1513 (E.D.Mich.1985). *See also Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806); *Cabalceta v. Standard Fruit Co.,* 883 F.2d 1553 (11th Cir.1989); *Panalpina Welttransport GMBH v. Geosource, Inc.,* 764 F.2d 352 (5th Cir.1985).

When the parties in the consolidated action are aligned according to interest, the following results:

AFTER CONSOLIDATION AND REALIGNMENT

**WEBB**
[Indiana]

&

**CENTRAL TRANSPORT**
[Michigan]

v.

**JUST IN TIME**
[Delaware, Michigan]

&

**JONES**
[Florida]

&

**HASTINGS**
[Ohio]

Thus, there are citizens of Michigan on both sides; Central is a corporation with its principal place of business in Michigan, and Just In Time is also a corporation with its principal place of business in Michigan.[4]

C. Diffisity Jurisdiction

■ The Court based its decision to consolidate the two pending claims on both the discretionary Rule 42(a) and on the mandatory Rule 13(a). The Court will now deal with the impact of both rules individually.

Case law has clearly established that actions consolidated pursuant to Rule 42(a) maintain a separate identity. *See Federal Deposit Ins. Corp. v. Caledonia Invest. Corp.,* 862 F.2d 378 (1st Cir.1988); *Kraft, Inc. v. Local Union 327, Teamsters, Chauffeurs, Etc.,* 683 F.2d 131 (6th Cir. 1982); *McKenzie v. United States,* 678 F.2d 571 (5th Cir.1982); *In re Massachusetts Helicopter Airlines, Inc.,* 469 F.2d 439 (1st Cir.1972). Thus, when determining whether diversity of citizenship exists, the claims must be addressed separately; consolidation "does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another." *Johnson v. Manhattan R. Co.,* 289 U.S. 479, 496–497, 53 S.Ct. 721, 727–728, 77 L.Ed. 1331 (1933).

Under this directive, there is no question that this Court retains jurisdiction of the consolidated action. When approaching the claims separately (i.e., Webb versus Just In Time, Jones, and Hastings; Jones against Webb and Central Transport), there clearly exists diversity of citizenship. In each separate cause of action, all plaintiffs have citizenship different from all defendants.

In contrast, analysis under Rule 13 is not as clear. This Court has discovered no case which directly addresses the present situation (where the court has jurisdiction

---

**3.** Some case law has suggested that in determining diversity jurisdiction, only citizenship of indispensable parties is considered. *See Holbrook Irrig. Dist. v. Arkansas Valley Sugar Beet & Irrigated Land Co.,* 54 F.2d 840 (10th Cir.1931); *Jones v. Box Elder County,* 52 F.2d 340 (10th Cir.1931); *Jones v. Goodman,* 114 F.Supp. 110 (D.C.Kan.1953). This Court, however, follows the rule that, "[e]ven though a party is merely proper, as, for example, a joint tortfeasor, if in fact he has been joined, that party's citizenship must be considered." Wright, Miller & Cooper, *Federal Practice and Procedure:* Jurisdiction 2d § 3606 (1984). *See also Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26 (3rd Cir.1985); *Schuck-*

*man v. Rubenstein,* 164 F.2d 952 (6th Cir.1947). Thus, regardless of whether Central Transport is an indispensable party or merely a proper party under Rules 19 and 20, its citizenship must be considered when determining if there is diversity jurisdiction of the matter.

**4.** A corporation is deemed to be a citizen of two places—where it is incorporated, and the location of its principal place of business. 28 U.S.C. Section 1332(c); *In re Bendectin Litigation,* 857 F.2d 290 (6th Cir.1988); *Acwoo International Steel Corp. v. Toko Kaiun Kaish, Ltd.,* 840 F.2d 1284 (6th Cir.1988).

over the original action and the counterclaim independently, but diversity is destroyed when they are combined). However, there are numerous cases discussing third party complaints filed pursuant to Rule 14 of the Federal Rules of Civil Procedure which are instructive.[5]

Several courts have found that diversity jurisdiction is not destroyed by defendant impleading a third party, pursuant to Rule 14, of the same citizenship as the plaintiff. *See Fidelity & Deposit Co. v. Sheboygan Falls*, 713 F.2d 1261, 1266 (7th Cir.1983); *Fawvor v. Texaco, Inc.*, 546 F.2d 636, 638 (5th Cir.1977); *Stemler v. Burke*, 344 F.2d 393 (6th Cir.1965); *Smith v. Whitmore*, 270 F.2d 741 (3rd Cir.1959). While the facts of the present case are not identical to those of the above cases, the situations are analogous. Prior to the joinder of Central Transport, the Court clearly had jurisdiction over the claim and counterclaim by Webb and Jones. But when Jones joined Central Transport, a potential problem with diversity arose. As in the impleader cases, there was complete diversity over the action until the defendant brought in a third party defendant of the same citizenship as the original plaintiff.

The fact that Central Transport was joined in the counterclaim in accordance with Rule 13(h) and was not brought in as a third party defendant pursuant to Rule 14 is not enough to distinguish the pending case from the cited precedent. There are no compelling reasons to distinguish between a party joined pursuant to 13(h) and one brought in under Rule 14 for purposes of determining diversity of citizenship. In both circumstances, the defendant is asserting a claim against a party not involved in the original suit.[6] Thus, while the facts are not identical, the circumstances are sufficiently similar to require the same results with regards to the Court's jurisdiction over the matter.

A different problem is presented where plaintiff asserts a claim against the third party defendant. Since plaintiff would not be able to bring an action in federal court directly against a non-diverse defendant (assuming the only basis for jurisdiction was diversity of citizenship), policy prevents the plaintiff from being able to do so indirectly. Thus, in such a situation, there must exist an independent basis of jurisdiction. 28 U.S.C. Section 1367(b); *Huggins v. Graves*, 337 F.2d 486 (6th Cir.1964); *McPherson v. Hoffman*, 275 F.2d 466 (6th Cir.1960). This is not a concern in the pending action as neither Central Transport nor Just In Time have asserted any right against the other.

In addition, allowing a defendant to defeat diversity jurisdiction by joining a non-diverse party would establish a dangerous precedent. Courts have addressed this in relation to Rule 14, determining that "[t]he defendant is not permitted to defeat the plaintiff's right to a federal forum by impleading a resident of the plaintiff's state any more than he would be permitted to do so by becoming a resident of that state." *Fidelity & Deposit Co.*, 713 F.2d at 1266. Although there is no statutory authority addressing this issue,[7] there is case law supporting the proposition that federal courts should protect a litigant's right to diversity jurisdiction. *See Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Wecker v. National Enameling & Stamping Co.*, 204 U.S. 176, 27 S.Ct. 184, 51 L.Ed. 430 (1907);

---

**5.** Rule 14 authorizes a defendant to bring a third party defendant into a lawsuit for the purpose of indemnification or contribution in the plaintiff's claim against the defendant.

**6.** Moreover, the fact that the identity of citizenship is not between the plaintiff and counter-defendant, but is instead between the counter-defendant and defendant, is not dispositive. Once the parties are realigned according to interest, the counter-defendant is on the same side of the controversy as is the plaintiff. Thus, in this case and in the cases cited, the identity of citizenship exists between a party who was added to the action, and an original party, both of whom are on opposing sides of the controversy.

**7.** There is, however, statutory authority addressing the issue of joinder to create jurisdiction—

*Smoot v. Chicago, R.I. & P.R. Co.*, 378 F.2d 879 (10th Cir.1967); *Lowell Staats Mining Co. v. Philadelphia Electric Co.*, 651 F.Supp. 1364 (D.Colo.1987).

### D. Applicability of Doctrines of Ancillary and Pendent Jurisdiction [8]

The parties have argued that despite the presence of Michigan citizens on both sides of a diversity action, the Court retains jurisdiction over the consolidated cases under ancillary jurisdiction. However, the Court finds that the question of jurisdiction is not resolved by application of either ancillary or pendent jurisdiction. "The terms 'pendent' and 'ancillary' jurisdiction refer to the authority of federal courts to hear and determine, without an independent basis of federal jurisdiction, claims related to matters properly before them." *Report of the Federal Courts Study Committee*, April 2, 1990, p. 47 (emphasis added).

Specifically, pendent jurisdiction is applicable where there is a federal question properly in front of the federal court, and there is a related state cause of action. "[I]n a federal-question case, where the federal claim is of sufficient substance, and the factual relationship between 'that claim and the state claim permits the conclusion that the entire action before the court comprises but one constitutional 'case,'' pendent jurisdiction extends to the state claim." *Aldinger v. Howard*, 427 U.S. 1, 9, 96 S.Ct. 2413, 2418, 49 L.Ed.2d 276 (1976)(quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 1138, 16 L.Ed.2d 218 (1966)).

Ancillary jurisdiction involves multiple claims, at least one of which has a proper basis of federal jurisdiction, while the others do not. However, the court maintains jurisdiction over the claims lacking an independent source of federal jurisdiction because "[o]nce a court has jurisdiction over a main claim, it also has jurisdiction over any claim ancillary to the main claim, regardless of the amount in controversy, citizenship of the parties or existence of a federal question in the ancillary claim." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1253 (11th Cir.1988).

The facts of the pending consolidation are distinguishable, as both claims have independent bases of jurisdiction—each has complete diversity of citizenship. As the parties repeatedly and persistently asserted in their briefs, it is true that the second action is a compulsory counterclaim, and it is also true that a court may exercise ancillary jurisdiction over a compulsory counterclaim which does not in itself provide an independent source of jurisdiction. However, this does not address the issue in this case, as the concern is not jurisdiction over the compulsory counterclaim which itself has an independent basis for diversity jurisdiction. Rather, the issue presented is whether there is jurisdiction over the entire action once the claims are consolidated.

### III.

Based on the above reasoning, the Court concludes that the two suits initiated by Webb and Jones should be consolidated into one action, over which this Court will maintain jurisdiction. Because the claims

---

28 U.S.C. Section 1359. The purpose of this section is to prevent parties from being improperly or collusively joined to create diversity jurisdiction where none had previously existed. Again, while there is no specific statutory section dealing with joinder to defeat jurisdiction, case law indicates that the same concerns are involved and such joinder should not be allowed.

**8.** Effective in civil actions commenced on or after December 1, 1990, the common law doctrines of pendent and ancillary jurisdiction were codified in 28 U.S.C. Section 1367, under the name of "supplemental jurisdiction." As the initial complaint in the Webb versus Just In Time claim was filed on February 9, 1990, it will be assumed that the doctrines of ancillary and pendent jurisdiction still apply to the consolidated action. However, because the content of the doctrines are basically the same, the doctrine of supplemental jurisdiction would not effect the outcome of this case.

arose out of the same transaction or occurrence, consolidation is appropriate under Rule 42(a) and is mandated by Rule 13(a) of the Federal Rules of Civil Procedure. Trial in separate forums would result in unnecessary duplication of resources.

Consolidation does not destroy diversity of citizenship, despite the presence of two Michigan parties with opposing interests. The two claims do not lose their separate identities, and thus diversity of citizenship must be determined on a claim by claim basis. In addition, Jones' action is a compulsory counterclaim, and the Court finds the situation analogous to impleader of a non-diverse defendant pursuant to Rule 14. In such cases, diversity jurisdiction is not destroyed.

IT IS SO ORDERED.