**BRADGATE ASSOCIATES, INC., Appellee,**

v.

**FELLOWS, READ & ASSOCIATES, INC., Appellant.**

No. 92–5506.

United States Court of Appeals, Third Circuit.

Argued March 16, 1993.

Decided July 26, 1993.

Richard F. Wells, (argued), Hecker, Brown, Sherry & Johnson, Camden, NJ, for appellant.

Christine T. Jones, McAllister, Westmoreland, Vesper & Schwartz, West Atlantic City, NJ, Stephen C. Rubino (argued), Law Offices of Stephen C. Rubino, Ventnor, NJ, for appellee.

Before: STAPLETON, ROTH AND LEWIS, Circuit Judges.

## OPINION OF THE COURT

LEWIS, Circuit Judge.

This appeal requires us to determine whether a district court may remand a case, originally brought in federal court and later consolidated with a removed state court action, after it has correctly concluded that it lacked jurisdiction over either component of the consolidated cases. We hold that it may only remand the removed state court action, and therefore we will reverse the remand order in part. Because we also find that the district court erred in its consideration of whether the federal plaintiff conducted a reasonable inquiry into its jurisdictional allegations, we will remand the case for further proceedings to determine whether sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") are appropriate.

### I.

In June, 1990, Bradgate Associates, Inc. ("Bradgate Delaware") brought a diversity action alleging fraud, negligence and breach of contract against Fellows, Read & Associates, Inc. ("Fellows, Read") in the United States District Court for the District of New Jersey. Sometime later, Bradgate Delaware removed a related state court case between the two parties to the district court. The two cases were consolidated by a consent order for discovery and trial. In August, 1992, however, the district court remanded the entire consolidated case to state court after concluding that it lacked diversity jurisdiction, and denied a motion for sanctions filed by Fellows, Read.

The focus of this appeal is the existence of diversity jurisdiction; thus, a review of the citizenship of the entities involved is necessary.

Bradgate Delaware is a real estate development firm incorporated under the laws of Delaware and having its principal place of business in New Hampshire. According to

the affidavit of one of its officers, Bradgate Delaware was formed on September 2, 1986, to act as a successor in interest to a related entity, which we will refer to as Bradgate New Jersey. Bradgate New Jersey is a New Jersey corporation that was formed in 1983. Fellows, Read, a provider of engineering services, is organized under the laws of New Jersey.

On January 9, 1987, either Bradgate Delaware or Bradgate New Jersey contracted with Fellows, Read to provide engineering services in connection with a real estate development project in New Jersey.[1] By April, 1990, however, the relationship between the contracting parties had deteriorated. Fellows, Read sued Bradgate Delaware in the Superior Court of New Jersey to recover payment for engineering services rendered during the course of the project. Bradgate Delaware responded by filing a federal lawsuit and removing Fellows, Read's case to federal court.

To establish subject matter jurisdiction in federal court, Bradgate Delaware alleged in its complaint and removal petition that both suits were between diverse litigants. Specifically, Bradgate Delaware alleged that it was the successor in interest to Bradgate New Jersey, the entity which Fellows, Read claimed was the real party in interest to the engineering services contract. It thus did not include Bradgate New Jersey in the federal lawsuit since its presence in the suit would, of course, frustrate diversity.

Following discovery, Fellows, Read challenged Bradgate Delaware's allegations in a motion to dismiss for lack of subject matter jurisdiction. Fellows, Read argued that the district court lacked diversity jurisdiction because Bradgate Delaware had not in fact succeeded to Bradgate New Jersey's interests. Fellows, Read claimed that since Bradgate New Jersey continued as a viable corporate entity it, not Bradgate Delaware, was the real party in interest to the engineering services contract and consequently a proper party to the lawsuit.

---

1. It is unclear from the record which Bradgate entity entered into the contract with Fellows, Read. In light of our decision to remand the

Rule 11 issue for further factfinding, we will express no opinion as to which Bradgate entity was a party to the engineering services contract.

In seeking dismissal, Fellows, Read also moved for sanctions pursuant to Rule 11, claiming that the sole reason counsel for Bradgate Delaware named Bradgate Delaware as plaintiff in the federal suit was to manufacture diversity jurisdiction. Had counsel conducted a reasonable pre-filing investigation, Fellows, Read contended, he would have learned that Bradgate New Jersey was both a viable New Jersey corporation and the real party in interest in the federal lawsuit.

To support its claim, Fellows, Read offered a corporate standing certificate showing that Bradgate New Jersey remained a viable New Jersey corporation at the time it filed its motions. Fellows, Read also pointed to a number of documents bearing the name "Bradgate New Jersey." These documents included two contracts for the sale of land and a document reflecting an assignment of Bradgate New Jersey's contractual interests to a third party. Although Bradgate Delaware claimed that it was the entity which had assigned Bradgate New Jersey's interests, the document provides explicitly that Bradgate New Jersey made the assignment.

Bradgate Delaware relied on the affidavit of William S. Barnes, the vice president of both Bradgate Delaware and Bradgate New Jersey, in responding to Fellows, Read's claims. Barnes stated that in September, 1986, four months before Fellows, Read entered into any contract with a Bradgate entity, Bradgate New Jersey was "liquidated, reorganized and merged" into Bradgate Delaware pursuant to a plan of reorganization. Barnes also claimed that "[a]s of September 7, 1986, Bradgate New Jersey ceased to exist and was liquidated." In his affidavit, Barnes explained that the New Jersey Secretary of State may have issued a certificate of good standing because that office misinterpreted a tax return for a related Bradgate entity filed in 1987; that Bradgate Delaware, rather than Bradgate New Jersey, entered into the

engineering contract with Fellows, Read; and that Bradgate Delaware paid for the engineering services with checks drawn from an account shared by all of the Bradgate entities.[2]

The district court found that Bradgate New Jersey was a viable entity within New Jersey because a certificate of merger had not been filed with the Secretary of State as required by N.J.S.A. §§ 14A:10–4(2) and 7(1)(a). The district court's findings left unclear, however, whether Bradgate New Jersey was the real party in interest in the federal lawsuit. For purposes of its jurisdictional inquiry, the district court assumed that Bradgate Delaware was at least one of several proper parties under Rule 17 of the Federal Rules of Civil Procedure and stated that it was quite possible that Bradgate New Jersey should have been joined as a real party in interest under that rule.[3] District court opinion at 9. In considering whether to impose sanctions under Rule 11, however, the court stated that it had made no finding that Bradgate New Jersey was a proper party in the case, characterizing its earlier statement as indicating merely that Bradgate New Jersey might be a proper party. District court opinion at 12.

The district court ultimately concluded that Bradgate Delaware had failed to demonstrate that Bradgate New Jersey was not a proper party and thus had failed to establish that diversity jurisdiction existed. Consistent with this holding, the district court stated that it would grant Fellows, Read's motion to dismiss. Immediately thereafter, however, apparently recalling that the federal case had been consolidated with a removed state court case, the court stated that "the [dismissal] will not terminate the case ... because the court will remand the action for trial in the [state court]." District court opinion at 11. Indeed, the order issued in conjunction with this ruling did not dismiss the consolidated cases, or even that portion

**2.** According to the district court's opinion, there are entities named "Bradgate Associates, Inc." incorporated in at least eight states. District court opinion at 3.

**3.** Rule 17(a) provides: "[e]very action shall be prosecuted in the name of the real party in

interest." The capacity of a corporation to sue or be sued is determined by the state under which it was organized. Fed.R.Civ.P. 17(b). New Jersey permits active corporations, such as Bradgate New Jersey, to sue or be sued. N.J.S.A. § 14A:3–1(1)(b).

of the case which had originally been filed in federal court, despite the court's ruling that it lacked diversity jurisdiction. Instead, the order remanded the "matter" to state court. Because the district court did not dismiss any claims, we read the remand order to encompass both portions of the case: that which was initially brought as a federal lawsuit and that which began in state court but was then removed to federal court.

The court next considered Fellows, Read's motion for Rule 11 sanctions and ruled that sanctions were inappropriate since it had not found that Bradgate Delaware had abused or misused the court's process by failing to include a proper party in the complaint.

## II.

Fellows, Read appeals the district court's decisions to remand that portion of the case which was originally filed in federal court and to deny its Rule 11 motion. Although the existence of subject matter jurisdiction was disputed before the district court, the basis for the court's jurisdiction to entertain the federal case was 28 U.S.C. § 1332(a)(1), and the basis for its jurisdiction to hear the removed state court case was 28 U.S.C. § 1441. Our authority to decide the questions presented is found in 28 U.S.C. § 1291. *See Thermtron Prod., Inc. v. Hermansdorfer,* 423 U.S. 336, 352, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976) (appellate court may review a district court order remanding a case on grounds not specified in 28 U.S.C. § 1447(d)); *see also Foster v. Chesapeake Ins. Co. Ltd.,* 933 F.2d 1207 (3d Cir.1991) (remand order predicated on contractual forum selection clause is a final, and appealable order for purposes of section 1291).

The question we confront concerns a district court's authority to remand a case originally brought in federal court and later consolidated with a removed state court case. This is a legal question requiring interpretation of the Federal Rules of Civil Procedure. Therefore, our review is plenary. *Int'l. Union, UAW v. Mack Trucks, Inc.,* 917 F.2d 107, 110 (3d Cir.1990). We review all aspects of the district court's Rule 11 decision for an abuse of discretion. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Lony v. E.I. Du Pont De Nemours & Co.,* 935 F.2d 604, 615 (3d Cir. 1991).

## III.

### A.

■ Fellows, Read does not challenge the district court's jurisdictional findings or the order remanding to state court that portion of the case which began there. It contends, however, that the district court erred in remanding to state court that portion of the case which was originally filed in federal court and instead should have granted its motion to dismiss after determining that it lacked subject matter jurisdiction. Thus, we analyze the impact of an absence of jurisdiction in two different contexts.

First, of course, when a district court lacks subject matter jurisdiction over a case filed in federal court, the Federal Rules of Civil Procedure require the court to dismiss the case. Fed.R.Civ.P. 12(h)(3). In contrast, when the court lacks jurisdiction to entertain a case removed from state court, 28 U.S.C. § 1447(c) requires it to remand the case to the court from which it was removed.

Bradgate Delaware's position is not that Rule 12(h)(3) and section 1447(c) are inapplicable. In a turnabout from its position before the district court, Bradgate Delaware no longer emphasizes the presence of diversity jurisdiction. Instead, it argues that 28 U.S.C. § 1447(d) precludes appellate review of the district court's order remanding the entire case, even if one portion began in federal court and one had its inception in state court. Bradgate Delaware seeks to invoke section 1447(d) as a bar to appellate review because the district court remanded two consolidated cases after concluding that it lacked jurisdiction to hear the claims.

Indeed, section 1447(d) does provide that "[a]n order remanding a case to the [s]tate court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). In *Gravitt v. Southwestern Bell Telephone Co.,* 430 U.S. 723, 97 S.Ct. 1439, 52 L.Ed.2d 1 (1977), the Supreme Court interpreted section 1447(d) in conjunction with

section 1447(c), which requires the trial court to remand a case whenever "it appears that the district court lacks subject matter jurisdiction" or when improper removal procedures are followed. 28 U.S.C. § 1447(c). The Court held that section 1447(d) bars appellate review whenever the reason given for a district court's remand was either of the two enumerated in section 1447(c). *Gravitt*, 430 U.S. at 723, 97 S.Ct. at 1439.

Nevertheless, there are situations in which an appellate court may review a remand order. In *Thermtron*, the Supreme Court held that section 1447(d) did not preclude review of remand orders based "on grounds wholly different from those upon which [section] 1447(c) permits remand." *Thermtron Prod., Inc.*, 423 U.S. at 351, 96 S.Ct. at 593 (ruling that an appellate court could review an order remanding a case because the district court's heavy docket would unjustly delay trial on the merits); *Foster*, 933 F.2d at 1210–11.[4] We have another such case before us. One component of this case began in federal court and was remanded to state court rather than dismissed simply because it had been consolidated with a removed state court case; accordingly, section 1447(d) does not bar appellate review.

## B.

■ We now consider whether the consolidation of two different cases precludes the dismissal of one part of the case and the remand of another. We conclude that it does not.

Consolidated cases typically are heard together; however, they are not necessarily merged forever and for all purposes. As the Supreme Court noted in *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 53 S.Ct. 721, 77 L.Ed. 1331 (1933), "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties." *Id.* at 496–97, 53 S.Ct. at 727–28.

*Johnson* cautions that while consolidated cases may be treated as one lawsuit in order to conserve judicial resources, the procedure should not impose the heavy toll of a diminution of any party's rights. We discussed this principle in *Bergman v. City of Atlantic City*, 860 F.2d 560 (3d Cir.1988), and held that parties to consolidated cases must await final judgment in the entire consolidated lawsuit before pursuing an appeal. In *Bergman*, plaintiffs in one of two consolidated cases appealed a summary judgment ruling while the other case was still pending. *Bergman*, 860 F.2d at 561. The policy against piecemeal appeals and our concerns for efficiency led us to hold that consolidated cases should be treated as one in determining whether a final, appealable order existed. *Id.* at 567. Treating the consolidated cases as a single lawsuit for appeal, however, did not transform the substantive rights of the parties; each party retained the right to appeal. We merely required that, for efficiency's sake, parties to consolidated cases must all appeal at the same time.

This case, however, represents the proverbial horse of a different color. When a court determines that it lacks subject matter jurisdiction, the substantive rights of the litigants differ depending on whether they are parties

---

**4.** Although we cite the *Foster* decision for the proposition that appellate courts may review remand orders based upon grounds not mentioned in section 1447(c), we hasten to note an important distinction between the situation before us and that which we confronted in *Foster*. Relying upon *Carnegie Mellon Univ. v. Cohill*, 484 U.S. 343, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988), we held in *Foster* that the district court properly remanded a case that had been removed from a state court in violation of a forum selection clause. *Foster*, 933 F.2d at 1215. In so holding, we suggested that language in *Cohill* implied that the power to remand was inherent in the power to dismiss a case. *See id.* (after noting that neither party disputed the district court's power to dismiss the case, we quoted the following language from *Cohill*: "Congress' silence in the removal statute does not negate the power to .... remand...."). We do not read *Foster* to say that district courts may remand a case merely because they have the authority to dismiss, however. In *Foster*, we were concerned with the question of whether a forum selection clause could properly serve as a non-statutory basis for remanding a case which had been removed from state court. There was no statutory provision requiring dismissal as opposed to remand. In this case, by contrast, Rule 12(h)(3) requires dismissal of Bradgate Delaware's complaint because it was originally filed with the district court which later concluded that it lacked subject matter jurisdiction.

to a case originally filed in federal court or parties to a case which was removed from state court. Lack of subject matter jurisdiction does not extinguish a removed state court case; section 1447(c) only requires the district court to remand it to state court. In contrast, lack of subject matter jurisdiction terminates a case originally filed in federal court because Rule 12(h)(3) instructs the district court to dismiss cases which do not meet jurisdictional prerequisites. *See Weaver v. Marine Bank,* 683 F.2d 744, 751 (3d Cir. 1982) (Sloviter, J., dubitante opinion) ("I need cite no authority for the proposition that the power of the federal courts is defined by Article III and the acts of Congress made pursuant thereto. No federal statute authorizes transfer of cases from a federal to a state court.").[5]

■ In this case, the district court's treatment of the consolidated cases as a single suit diminished Fellows, Read's rights by prolonging litigation over claims which should have been dismissed. To avoid this impermissible result, we hold that when a removed state court case has been consolidated with a case originally filed in federal court and the district court determines that it lacks subject matter jurisdiction over both the federal and state components of the case, the court must apply the rules pertaining to dismissal and remand as if the cases had retained their separate identities and had never been consolidated.

### C.

In conclusion, we find that section 1447(d) does not preclude our review of the remand order issued in this case and that the district court erred by treating the consolidated cases as one once it determined that it lacked subject matter jurisdiction over them. Instead, the district court should have remanded the removed case to state court and dismissed the case Bradgate Delaware originally filed in federal court. For these reasons, we will reverse its remand order in part.

### IV.

Fellows, Read also appeals from the district court's denial of its motion for sanctions under Rule 11.

In relevant part, Rule 11 provides:
> Every pleading, motion, and other paper of a party represented by an attorney shall be signed by at least one attorney of record in the attorney's individual name.... The signature of an attorney or party constitutes a certificate by the signer that the signer has read the pleading, motion, or other paper; that to the best of the signer's knowledge, information and belief formed after a reasonable inquiry it is well grounded in fact ..., and that it is not imposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.... If a pleading, motion, or other paper is signed in violation of the rule, the court ... shall impose upon the person who signed it, a represented party, or both, an appropriate sanction....

Fed.R.Civ.P. 11.

■ Rule 11 imposes on any party who signs a document submitted to the court an affirmative duty to conduct a reasonable inquiry into the facts and law before filing. *Business Guides, Inc. v. Chromatic Communications Enter.,* 498 U.S. 533, 543, 111 S.Ct. 922, 929, 112 L.Ed.2d 1140 (1991). The presence of a signature obligates the signer to certify that he or she has conducted a reasonable inquiry and has determined that any papers filed with the court are factually well-grounded. *Lony,* 935 F.2d at 616 (citations omitted).

---

**5.** In *Weaver,* the majority, over Judge Sloviter's dubitante opinion, remanded pendant state claims following a determination that federal securities law jurisdiction was lacking, citing a Pennsylvania statute permitting federal courts within the state to transfer erroneously filed cases to state court. *Weaver,* 683 F.2d at 745. Pennsylvania has since amended this statute to permit the parties themselves to refile a case rather than requiring the clerk of the district court to "remand" the matter. 42 Pa.Cons.Stat. § 5103(B) (1993);. *see McLaughlin v. Arco Polymers, Inc.,* 721 F.2d 426 (3d Cir.1983). The parties have not cited an analogous New Jersey enabling statute and our independent research has failed to locate one. We are therefore not presented with a situation in which circuit precedent compels a different result from the one we reach today.

The objective standard imposed by Rule 11 is firmly established in this circuit. We have consistently noted that the Rule 11 test is "now an objective one of reasonableness" which seeks to discourage pleadings "without factual foundation, even though the paper was not filed in subjective bad faith." *Lony*, 935 F.2d at 616; *see also Lieb v. Topstone Indus.*, 788 F.2d 151, 157 (3d Cir.1986). We have also said that Rule 11 is designed to ensure that pleadings are not used for improper purposes such as harassment, delay or needless increase in litigation expense. *Lony*, 935 F.2d at 616; *Lieb*, 788 F.2d at 157.

■ When a district court examines the sufficiency of the investigation of facts and law, it "is expected to avoid the wisdom of hindsight and should test the signer's conduct by [asking] what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *CTC Imports and Exports v. Nigerian Petroleum Corp.*, 951 F.2d 573, 578 (3d Cir.1991) (citing Notes of Advisory Committee on Rules, 1983 Amendment, Fed.R.Civ.P. 11). In doing so, the court must consider all circumstances surrounding the submission, *CTC Imports and Exports*, 951 F.2d at 578, including the amount of time the signer had to investigate, whether the signing attorney had to rely on a client for information as to the facts, and whether the signer depended on prior counsel or another member of the bar if the case has been transferred. Advisory Committee Note, 97 F.R.D. at 199.

■ The district court denied Fellows, Read's motion for Rule 11 sanctions in conclusory fashion. In an effort to explain that Fellows, Read suffered no prejudice, the court observed that since discovery was almost complete, "[t]he effect of the court's ruling [was] merely that the action will be tried in state court, rather than in federal court." Next, the district court stated, without explanation, that it would refuse to impose sanctions because there existed no basis for finding that "an abuse of litigation or misuse of the court's process" had occurred.

We cannot say that the district court exercised sound discretion in relying upon the extent to which Fellows, Read would or would not be prejudiced as a basis for denying the motion for sanctions. The focus of a district court's Rule 11 inquiry is the reasonableness of the investigation and not whether the movant is prejudiced by his or her opponent's actions. To consider prejudice alone is to overlook the fundamental objective of Rule 11, which is to encourage the filing of documents that are well-grounded in both law and fact.

We also conclude that in light of Fellows, Read's claim that Bradgate Delaware concealed the existence of Bradgate New Jersey in an effort to manufacture diversity jurisdiction, and because the crucial issue is the extent to which Bradgate New Jersey's status was investigated, the district court should have inquired as to whether Bradgate Delaware or its counsel was in a position to know or acquire the pertinent factual details as to the existence and involvement of Bradgate New Jersey. *See CTC Imports and Exports*, 951 F.2d at 578.

If, indeed, Bradgate Delaware or its counsel failed properly to investigate, then the district court may have been inaccurate in ruling that their actions provided no basis for finding an abuse or misuse of litigation. On remand, we leave it to that court to determine whether it was reasonable, apparently on the basis of the merger agreement, to assert diversity in the complaint. If the court determines that there was a reasonable inquiry initially, it should then consider whether Bradgate was bound to inquire further, and reasonably did so, in light of Fellows, Read's submission of the certificate of good standing indicating that no merger had taken place. Papers filed by Bradgate after Fellows, Read's jurisdictional challenge were, of course, subject to Rule 11 just as the pleadings were.

Bradgate Delaware's failure to disclose Bradgate New Jersey's existence as a proper party, and its continuing insistence that the New Jersey entity was dissolved and merged into Bradgate Delaware, would constitute an egregious abuse of the court's process if carried out for the purpose of manufacturing diversity jurisdiction. Even if not carried out for such an inappropriate purpose, a lack of reasonable investigation would nonetheless

serve as a basis for the imposition of sanctions under Rule 11. The district court should have engaged in further findings regarding the extent of the investigation conducted. *Cf. Lony*, 935 F.2d at 616 (bad faith not needed to support imposition of sanctions).

Our prior decisions make clear that the use of the auxiliary verb "shall" in Rule 11 was intended to surmount any hesitancy to issue sanctions against attorneys and parties who run afoul of the duty to conduct a reasonable investigation. *Lony*, 935 F.2d at 617; *Lieb*, 788 F.2d at 157. While trial judges retain a substantial measure of discretion with regard to Rule 11, "[this discretion] is now directed more to the nature and extent of sanctions than to initial imposition." [6] *Lieb*, 788 F.2d at 157.

At oral argument, Bradgate's counsel offered both a description of his investigation and an explanation for his actions. He conceded that he relied solely on his client's representations and did not independently investigate the allegations in the complaint. He also conceded that at the time he filed the federal complaint, he sought to avoid state court because he was involved in litigation against the Chief Justice of the New Jersey Supreme Court. On remand, the district court should take heed of these statements and conduct an appropriate inquiry.

We will vacate the district court's denial of Fellows, Read's Rule 11 motion and remand for further examination consistent with this opinion. We express no opinion as to the result the district court should reach on remand.

## V.

For the foregoing reasons, we will reverse the order remanding the federal case to state court and instruct the district court to dismiss that portion of these consolidated cases after conducting further proceedings on the Rule 11 motion. *See Willy v. Coastal Corp.*, —— U.S. ——, ——, 112 S.Ct. 1076, 1080, 117 L.Ed.2d 280 (1992) (imposition of Rule 11

sanctions is not an adjudication on the merits and, therefore, "does not raise the issue of a district court adjudicating the merits of a 'case or controversy' over which it lacks jurisdiction"). That portion of these consolidated cases which was removed from state court may be remanded to state court as the district court had originally ordered.

---

6. We are mindful that a proposed amendment to Rule 11 is pending before Congress. As revised, the rule would provide that a court *may*, not *shall*, impose sanctions upon finding a violation.

Thus, the emphasis we have previously articulated and reiterate here may yield to a wider discretion among district court judges should the proposed amendment come to fruition.