

Opinions of the United
States Court of Appeals
for the Third Circuit

4-1-1999

# Cella v. Togum Constr

Precedential or Non-Precedential:

Docket 98-1393

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation
"Cella v. Togum Constr" (1999). *1999 Decisions.* Paper 87.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/87

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed April 1, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 98-1393

PATRICIA CELLA; EDWARD CELLA

v.

TOGUM CONSTRUCTEUR ENSEMLEIER EN INDUSTRIE
ALIMENTAIRE; PAUL BOSCH CORPORATION AND BOSCH
PACKAGING MACHINERY DIVISION; MILTENBERG &
SAMTOM; WEINER USA
(E.D. PA Civil No. 97-cv-05118)

PATRICIA CELLA; EDWARD CELLA

v.

AMCO CUSTOMS BROKERAGE COMPANY;
RONALD E. KEHLE; ELIZABETH LANCASTER;
EDWARD J. STRYCHARZ
(E.D. PA Civil No. 98-cv-00870)

*Robert Bosch Corp.,

        Appellant

*(Pursuant to F.R.A.P. 12(a))

On Appeal From the United States District Court
For the Eastern District of Pennsylvania
(D.C. Civil Action Nos. 97-cv-05118 and 98-cv-00870)

District Judge: Honorable Ronald L. Buckwalter

Argued December 8, 1998

BEFORE: STAPLETON, and NYGAARD, Circuit Judges,
and GOLDBERG,** Judge
_____

**Honorable Richard W. Goldberg, Judge of the United States Court of
International Trade, sitting by designation.

(Opinion Filed April 1, 1999)

Robert S. Forster, Jr. (Argued)
Lisa M. Mack
Schnader, Harrison, Segal & Lewis
1600 Market Street, Suite 3600
Philadelphia, PA 19103

 Attorneys for Robert Bosch
 Corporation

Thomas More Holland (Argued)
437 Chestnut Street, Suite 406
Philadelphia, PA 19106

 Attorney for Patricia and Edward
 Cella

W. Matthew Reber
Kelley, Jasons, McGuire & Spinelli
1617 John F. Kennedy Boulevard
Suite 1400
Philadelphia, PA 19103

 Attorneys for Miltenberg &
 Samtom, Ronald E. Kehle,
 Elizabeth Lancaster, and
 Edward J. Strycharz

OPINION OF THE COURT

STAPLETON, Circuit Judge:

This appeal stems from the consolidation of two actions filed in federal district court by the same plaintiffs--one in which diversity jurisdiction existed and one in which federal subject matter jurisdiction was lacking--and the subsequent dismissal of both actions for lack of subject matter jurisdiction. As an initial matter, we must determine whether a defendant in the diversity action has standing to appeal the dismissal of the suit against it. Because we hold that standing exists, we review the District Court's order dismissing the suit against the defendant and we will reverse that order.

I.

Patricia Cella was injured by a ball-forming machine while working on February 21, 1996. On August 8, 1997, she and her husband ("the Cellas") filed suit in the United States District Court for the Eastern District of Pennsylvania against Togum Construction, Robert Bosch Corporation, Miltenberg & Santom, Inc., and Wiener, USA. In this action ("the first action"), the Cellas asserted state law claims including negligence, strict liability, breach of warranties of merchantability and fitness, and loss of consortium. Subject matter jurisdiction was appropriately predicated upon the complete diversity of the parties. On February 20, 1998, the Cellas filed a second action ("the second action") in the United States District Court for the Eastern District of Pennsylvania arising out of the same accident, but instead naming as defendants AMCO Customs Brokerage, Robert E. Kehle, Elizabeth Lancaster, and Edward J. Strycharz. Although the complaint alleged that diversity jurisdiction existed in the second action as well, it was apparent from the face of the complaint that the Cellas and the defendant AMCO were Pennsylvania citizens.

On March 16, 1998, the Cellas moved to consolidate the second action with the first action pursuant to Federal Rule of Civil Procedure 42 and to have the District Court exercise its supplemental jurisdiction over the second action or, alternatively, "remand" the consolidated actions to state court. The District Court declined to exercise jurisdiction over the second action since it determined that to do so would be inconsistent with the jurisdictional requirement of Section 1332. However, in an order dated April 14, 1998, the District Court consolidated the two actions and dismissed them without prejudice for lack of subject matter jurisdiction.

Upon dismissal, the consolidated cases proceeded in state court. Because Pennsylvania has a two-year statute of limitations for actions to recover damages for personal injury, see 42 Pa.C.S. S5524, the Cellas could not have initiated a new, identical state court action against Bosch on March 6, 1998, the date on which the Cellas filed their motion to consolidate and "remand" or dismiss. However, the Cellas were able to proceed against Bosch in state court

3

by operation of 42 Pa.C.S. S5103, entitled "Transfer of erroneously filed matters." Section 5103 provides in pertinent part:

> (1) . . . In order to preserve a claim under Chapter 55 (relating to limitation of time), a litigant who timely commences an action or proceeding in any United States court for a district embracing any part of this Commonwealth is not required to commence a protective action in a court or before a district justice of this Commonwealth. Where a matter is filed in any United States court for a district embracing any part of this Commonwealth and the matter is dismissed by the United States court for lack of jurisdiction, any litigant in the matter filed may transfer the matter to a court or magisterial district of this Commonwealth by complying with the transfer provisions set forth in paragraph (2).

> (2) Except as otherwise prescribed by general rules, or by order of the United States court, such transfer may be effected by filing a certified transcript of the final judgment of the United States court and the related pleadings in a court or magisterial district of this Commonwealth.

See 42 Pa.C.S. S5103 (b)(1) and (2) (emphasis added).

On this appeal, the Robert Bosch Corporation ("Bosch"), a defendant named in the first action, seeks to challenge the District Court's dismissal of the suit against it for lack of subject matter jurisdiction.

II.

Our threshold inquiry is whether Bosch has standing to appeal the dismissal of the federal suit against it. The Supreme Court has enunciated a three-part test to determine when a litigant has "standing" to invoke the power of a federal court. The party must allege (1) an injury in fact, (2) that is "fairly traceable" to the challenged action, and (3) that will be redressed by a favorable decision. See Allen v. Wright, 468 U.S. 737, 751 (1984). The Supreme Court has noted the following policy regarding standing to appeal:

4

> Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.

Deposit Guaranty Nat. Bank v. Roper, 445 U.S. 326, 333 (1980).

In this case, it appears at first glance that Bosch is not "aggrieved" by the order of the District Court, as that order dismisses the action against it. The corporation has in a sense received "all that [it] has sought" because it is no longer required to defend the case and is therefore no longer potentially subject to liability. However, this "first glance" analysis ignores the fact that the corporation is not now completely free from suit but rather is required to defend this suit in state rather than federal court. While injury in fact typically denotes a substantive harm, the Supreme Court has recognized "procedural injury" related to a change in forum in at least one instance. See International Primate Protection League v. Administrators of Tulane Educational Fund, 500 U.S. 72 (1991) (holding that plaintiff had standing to challenge defendant's removal of their suit since they lost the right to sue in state court, the forum of their choice). While International Primate involved deprivation of a plaintiff's, rather than a defendant's, legitimate expectation of being able to litigate in a particular forum, it does demonstrate that this type of deprivation can be sufficient to render an appellant aggrieved. See also Custer v. Sweeney, 89 F.3d 1156, 1164 (4th Cir. 1996) (according "the party aggrieved concept" a practical rather than hypertechnical meaning and noting that "[a] party may be aggrieved by a district court decision that adversely affects its legal rights or position vis-a-vis other parties in the case or other potential litigants").

In the instant case, Bosch had no legitimate expectation before it was sued that it would be able to litigate the Cellas' claims against it in a federal court. The Cellas could have chosen to file suit against Bosch in state court originally and could have named non-diverse defendants in the same suit, thereby eliminating the possibility of removal. However, the Cellas chose to file suit against

5

Bosch and other diverse defendants in federal court under 28 U.S.C. S1332. Once the Pennsylvania statute of limitations had run against the asserted claims as of February 21, 1998, the Cellas were left with no choice but to proceed--if they chose to proceed at all--in federal court. Accordingly, as of that time, Bosch acquired an expectation that it would be able to litigate the Cellas' claims against it in federal court, the forum of its choice.

This expectation was subsequently frustrated by the District Court's dismissal order. Without this order, the Cellas would have had no basis for invoking 42 Pa.C.S. S 5103(b), the statute under which they "transferred" the actions to the state court, against Bosch. This statute, by its express terms, serves to toll the statute of limitations only for those claims that have been dismissed by a federal court for lack of jurisdiction. Thus, the order from which Bosch appeals divested Bosch of a previously viable statute of limitations defense in a Pennsylvania state proceeding and thereby deprived him of a legitimate expectation of being able to litigate the Cellas' claims in the federal court.

Since this deprivation was caused by the District Court's order and since this Court can remedy that deprivation by reversing the dismissal order upon which the "transfer" was predicated, we hold that Bosch has standing to appeal.

III.

Federal Rule of Civil Procedure 42 provides in pertinent part:

> (a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Interpreting the predecessor to Rule 42(a), the Supreme Court stated that "consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of

6

the parties, or make those who are parties in one suit parties in another." Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-97 (1933). As this Court has previously recognized, "Johnson remains the `authoritative' statement on the law of consolidation." Newfound Management Corp. v. Lewis, 131 F.3d 108, 116 (3d Cir. 1997); see also 9 Wright & Miller, Federal Practice and Procedure, S2382, at 430 (2d ed. 1995). Thus, while a consolidation order may result in a single unit of litigation, such an order does not create a single case for jurisdiction purposes.

In Bradgate Associates v. Fellows, Read & Associates, 999 F.2d 745 (3d Cir. 1993), the district court had consolidated two lawsuits, one originally filed in federal court and one filed in state court but removed to the federal forum. Both cases had been filed by the same plaintiff against the same defendant. Upon finding an absence of subject matter jurisdiction, the district court remanded both cases to the state court. See id. at 748-49. This Court reversed on the ground that the district court's treatment of the consolidated cases as a single unit diminished the rights of the defendant. See id. at 751. While 28 U.S.C. S 1447(c)1 requires a district court to remand a case originally filed in state court but improperly removed to federal court, Federal Rule of Civil Procedure 12 (h)(3)2 directs a district court to dismiss a case originally filed in federal court for which it lacks jurisdiction. By "remanding" the suit originally filed in federal court to state court, we held that the district court improperly prolonged litigation over claims that should have been dismissed. See id.

Similarly, in this case, the District Court's "remand" order treated the consolidated actions as having been merged into one case and improperly altered the rights of Bosch. As noted above, the consolidation order did not

_____

1. Section 1447(c) provides in pertinent part that "[i]f at any time before
final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. S1447(c).

2. Federal Rule of Civil Procedure 12(h)(3) states that "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed.R.Civ.P. 12(h)(3).

7

result in the joinder of the defendants in the second action to the first action; rather each action retained its own separate identity. See Johnson, 289 U.S. at 496-97; Stacey v. Charles J. Rodgers, Inc., 756 F.2d 440, 442 (6th Cir. 1985). Thus, the District Court should have analyzed the jurisdictional basis of each action independently. See Cole v. Schenly Industries, Inc., 563 F.2d 35, 38 (2d Cir. 1977).

Because the complaint in the second action filed by the Cellas plainly indicated a lack of complete diversity, the District Court properly dismissed that action pursuant to Federal Rule of Civil Procedure 12(h)(3). However, complete diversity of citizenship existed--and continued to exist even after consolidation--in the first action involving Bosch. See Webb v. Just in Time, Inc., 769 F.Supp. 993, 996 (E.D. Mich. 1991) (holding that the court should determine presence or absence of diversity jurisdiction by analyzing each case separately even though cases had been consolidated); In re Joint Eastern & Southern Districts Asbestos Litigation, 124 F.R.D. 538, 541 (S.D.N.Y. 1989) (holding that diversity jurisdiction over an action was not destroyed by consolidation of that action with a second action brought by a plaintff who was a citizen of the same state as a defendant in the diversity action). Thus, the District Court should have allowed the first action to proceed to the merits.

Consequently, we will reverse the District Court's order dismissing the first action for lack of subject matter jurisdiction and will remand with instructions to retain jurisdiction over that action.

8

NYGAARD, Circuit Judge, concurring in part and dissenting in part:

I dissent because I do not believe that Bosch has standing to challenge the District Court's dismissal order. In my view, Bosch has not demonstrated that it was "aggrieved" by the District Court's order that dismissed Cellas' entire federal suit against it. I simply cannot ignore the fact that after the District Court issued the order dismissing the Cellas' claims Bosch walked out of the courtroom completely free from suit. Bosch's grief arises solely because Pennsylvania law gives Cella a cause of action in this situation.

The Supreme Court has indeed recognized that procedural injury relating to choice of forum may create standing. See International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 77-78, 111 S. Ct. 1700, 1704-05 (1991) (holding that denial of a plaintiff's right to choose a forum was a sufficient injury to support standing). Nonetheless, it is my belief that, for a party to have standing to appeal the dismissal, the procedural injury must be caused more directly by an order of the District Court. As the majority notes,

> Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.

Deposit Guar. Nat. Bank v. Roper, 445 U.S. 326, 333, 100 S. Ct. 1166, 1171 (1980).

Here, Bosch received all the relief it could reasonably have sought in the District Court -- the case against it was entirely dismissed.1 The fact that Bosch was then faced

_____

1. Bosch argues that, once the Pennsylvania statute of limitations ran, it acquired an "expectation" that it would be able to defend against the claims in the District Court. It argues that the District's Court's frustration of this expectation supports standing. I see two problems with this expectation. First, it is hard for me to see how Bosch can complain that its "expectation" that it would be able to defend in federal court was frustrated when the case was dismissed entirely. Bosch had

9

Bosch was aggrieved, if at all, not by the District Court's order, but by the independent operation of the Pennsylvania statute. Bosch's arguments regarding that statute are more appropriately directed to the Pennsylvania courts or the legislature that enacted the savings statute. We flex the concept of standing too far when we say that a defendant has been aggrieved by a District Court order that dismissed all charges against it. Therefore, because I do not think that Bosch has standing to challenge the District Court's decision, I respectfully dissent from Part II of the majority opinion.2

A True Copy:
Teste:

  Clerk of the United States Court of Appeals
  for the Third Circuit

_____

no right to defend the case in federal court, and could certainly not have complained had the Cellas voluntarily withdrawn the case and refiled in state court.

Second, the "expectation" that it would be able to defend was not a right, and any expectation it had was tempered by the fact that Pennsylvania law provided that, if the case was dismissed because of some defect in the subject matter jurisdiction, Bosch would again be subject to suit in state court. "Expectations" must take into account all possibilities.

2. My dissent is limited to Part II. If Bosch has standing to appeal a favorable judgment, I agree that the District Court clearly erred in granting it.
with a suit in Pennsylvania state court does not change this reality.

10