

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-13-2002

# Philadelphia v. Women's Health Inc

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1302

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Philadelphia v. Women's Health Inc" (2002). *2002 Decisions.* Paper 728.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/728

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-1302

CITY OF PHILADELPHIA

v.

WOMEN'S HEALTH, INC.;
EMERITA T. GUESON, OFFICER

Women's Health, Inc., and
Emerita T. Gueson, M.D.,

Appellants

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 01-06133)
Honorable R. Barclay Surrick, District Judge

Submitted under Third Circuit LAR 34.1(a)
November 8, 2002

BEFORE: MCKEE and GREENBERG, Circuit Judges,
and LIFLAND, District Judge*

(Filed: November 13, 2002)

*Honorable John C. Lifland, Senior Judge of the United States District Court for the
District of New Jersey, sitting by designation.

OPINION OF THE COURT

GREENBERG, <u>Circuit</u> <u>Judge</u>.

Women's Health, Inc. and Emerita T. Gueson, M.D. appeal from an order entered January 28, 2002, remanding this case to the Court of Common Pleas of Philadelphia County in accordance with the district court's memorandum opinion of January 25, 2002. We conclude that except to the extent that appellants removed the matter to the district court under 28 U.S.C. § 1443(1) we do not have jurisdiction. Insofar as appellants removed the matter under section 1443(1) we will affirm.

This is what happened. The City of Philadelphia initiated these proceedings in the Court of Common Pleas by bringing what on its face was a routine tax collection action under the Philadelphia Code. The appellants removed the matter to the district court pursuant to 28 U.S.C. § 1443(1) asserting that they "are being subjected to continuous and continuing violations of their Procedural Due Process, Equal Protection Clause and Immunities as provided for by the 14th Amendment of the United States Constitution giving rise to violation of Defendants' civil rights under 42 U.S.C. § 1983." Appellants also removed the matter under 28 U.S.C. § 1441 on the theory that it "arises under 42 U.S.C. § 1983 and, by reason of being a retaliatory action designed to deter Defendants from pursuing her Constitutional rights and Civil rights." As a third basis for removal the appellants removed the matter under 28 U.S.C. § 1651. At the same time appellants filed a counterclaim against the City and certain of its employees under 42 U.S.C. §§ 1983 and

2

1985 and state common and statutory law.

The City reacted to the removal by filing a motion to remand which the district court granted by its memorandum opinion dated January 25, 2002. After setting forth the background of the case, the district court quoted 28 U.S.C. § 1443(1) and explained that, as set forth in Georgia v. Rachel, 384 U.S. 780, 792, 86 S.Ct. 1783, 1790 (1966), section 1443(1) has a limited application and was not applicable here. The court then held that the matter could not properly be removed under section 1441 as the parties were not of diverse citizenship and the complaint was not predicated on federal law. Moreover, the court stated that appellants' counterclaim could not give a basis for removal, citing Bell Atlantic Mobile, Inc. v. Zoning Board of Butler Township, 138 F. Supp. 2d 668, 675 (W.D. Pa. 2001). Finally, the court held that section 1651 did not give a basis for removal. Thus, the court signed an order for remand and this appeal followed. We exercise plenary review on this appeal. See Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc., 999 F.2d 745, 749 (3d Cir. 1993).

We make the following disposition of this appeal. To the extent that appellants removed the case under sections 1441 and 1651 we do not have jurisdiction to review the remand order as the district court held that it did not have jurisdiction. See 28 U.S.C. § 1447(d); Foster v. Chesapeake Ins. Co., 933 F.2d 1207, 1210-11 (3d Cir. 1991). To the extent that the district court remanded the matter notwithstanding appellants' reliance on 28 U.S.C. § 1443(1) we will affirm substantially for the reasons it set forth.

The order of January 28, 2002, will be affirmed.

---

TO THE CLERK:

Please file the foregoing not precedential opinion.

/s/   Morton I. Greenberg
Circuit Judge