UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

KAISER FOUNDATION HEALTH PLAN OF
THE MID-ATLANTIC STATES,
INCORPORATED,
Plaintiff-Appellee,

v.

No. 98-1420

CLARY & MOORE, P.C.,
Defendant-Appellant,

and

MATTHEW A. CLARY, III,

Defendant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Alexandria.
Claude M. Hilton, Chief District Judge.
(CA-94-1098-A)

Argued: December 1, 1998

Decided: January 14, 1999

Before ERVIN and MOTZ, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Judith Lynne Wheat, VENABLE, BAETJER, HOWARD
& CIVILETTI, Washington, D.C., for Appellant. Gary Miller Zink-

graf, FOLEY & LARDNER, Washington, D.C., for Appellee. **ON BRIEF:** Samantha M. Williams, Damon W.D. Wright, VENABLE, BAETJER, HOWARD & CIVILETTI, Washington, D.C., for Appellant. Paul R. Monsees, Alan D. Rutenberg, FOLEY & LARDNER, Washington, D.C., for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

At bench trial, defendant Clary & Moore, P.C., moved for judgment as a matter of law following Kaiser Foundation's presentation of its case. The district court granted the motion, and this court reversed. On remand, the district court entered judgment for Kaiser, before Clary & Moore had presented its evidence to the court. Clary & Moore appeals the entry of judgment against it. We vacate and remand.

I

On March 7, 1991, Kaiser won a $271,690.57 judgment against the law firm of Clary, Lawrence, Lickstein & Moore, P.C. (Clary, Lawrence). The law firm subsequently entered involuntary bankruptcy without satisfying its debt to Kaiser. Kaiser then filed suit against the firm of Clary & Moore, asserting that Clary & Moore should be held responsible for the debt of Clary, Lawrence under several theories, including successor liability. After Kaiser had put on its evidence at a bench trial, Clary & Moore moved under Rule 52(c) for dismissal of Kaiser's claims. See Fed. R. Civ. P. 52(c). The district court granted Clary & Moore's motion on all counts and entered final judgment as a matter of law for Clary & Moore.

Kaiser appealed the dismissal to this court. Kaiser Foundation Health Plan v. Clary & Moore, 123 F.3d 201 (4th Cir. 1997). We

2

reversed the district court's judgment. On remand, without further consideration of the evidence, the district court entered judgment for Kaiser, awarding it $411,100.24. This figure represented a judgment of $271,690.57, plus interest.

Clary & Moore should have had the opportunity to present its evidence. See International Union, United Automobile, Aerospace & Agricultural Implement Workers of America, UAW v. Mack Trucks, Inc., 917 F.2d 107, 110 (3d Cir. 1990). We vacate the district court's judgment of February 18, 1998, and remand, not for a full retrial, but for further proceedings before the district court where Clary & Moore can present its case.

II

Title 28 U.S.C. § 1961(a) directs courts to calculate the rate of postjudgment interest using the auction price of certain United States Treasury bills at the auction immediately prior to the date of judgment. Relying on information provided by Kaiser, the district court based the applicable interest rate upon the auction price set on March 7, 1991, the same date as the date of judgment against Clary, Lawrence. Because the statute dictates that the auction date "immediately prior to the date of the judgment" governs, if Kaiser prevails on the merits the applicable interest rate would be 6.21%, the rate set at the auction of February 12, 1991. See 28 U.S.C.A. § 1961, Historical and Statutory Notes (West Supp. 1998).

We vacate the judgment and remand the case for further proceedings consistent with this opinion and for the district court's findings and conclusions.

VACATED AND REMANDED

3