

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-12-2008

# Gloucester v. Princeton Ins Co

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1179

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Gloucester v. Princeton Ins Co" (2008). *2008 Decisions*. Paper 676.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/676

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1179

COUNTY OF GLOUCESTER, GLOUCESTER COUNTY SHERIFF'S
DEPARTMENT, GLOUCESTER COUNTY DEPARTMENT OF HEALTH, JOHN
DOES (A-Z) AGENTS AND EMPLOYEES OF GLOUCESTER COUNTY; SUMMIT
RISK SERVICES, INC.; GENERAL STAR MANAGEMENT COMPANY/APEX,
PUBLIC ENTITY INSURANCE PROGRAM

v.

THE PRINCETON INSURANCE COMPANY

Summit Risk Services, Inc.
General Star Indemnity Company,
Appellants

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civil No. 04-CV-2157)
District Judge: The Honorable Renee Marie Bumb

ARGUED MAY 13, 2008

Before: McKEE and ROTH, Circuit Judges
O'NEILL*, District Judge

(Filed: August 12, 2008 )

_____

*The Honorable Thomas N. O'Neill, Jr., United States District Judge for the Eastern
District of Pennsylvania, sitting by designation.

Peter J. Luizzi, Esq. (Argued)
LePore Luizzi, P.C.
489 Aurora Place
Brick, NJ 08723

Counsel for Appellants

Scott C. Bushelli, Esq. (Argued)
Cooper Bushelli & Morrison, LLC
3000 Atrium Way, Suite 297
Mt. Laurel, NJ 08054

Brad S. Miller, Esq.
Cooper Bushelli & Morrison, LLC
3000 Atrium Way, Suite 297
Mt. Laurel, NJ 08054

Counsel for Appellee

---

OPINION OF THE COURT

---

O'NEILL, District Judge

Appellants General Star Indemnity Company and Summit Risk Services, Inc. appeal from an order granting summary judgment in favor of appellee Princeton Insurance Company and denying appellants' motion for summary judgment. We have jurisdiction over the District Court's final order pursuant to 28 U.S.C. § 1291, and we will affirm for the reasons given by the District Court.

I.

Because we write only for the parties, our factual summary is brief. Appellants

2

General Star and Summit, an insurance company and an insurance administrator, respectively, issued an insurance policy expressly covering "County of Gloucester, Gloucester County Sheriff Department and County Prosecutors Office." Appellee Princeton is an insurance company that issued an insurance policy expressly covering "Gloucester County Health Department c/o County of Gloucester." The latter policy was at the heart of the dispute before the District Court; appellants argued that an underlying complaint triggered appellee's duty to defend.

The underlying complaint was filed on May 2, 2001 in the Law Division of the Superior Court of New Jersey for Gloucester County by Thomas McCorkle. In his complaint, McCorkle alleged that while he was in the custody of the Gloucester County Sheriff Department at the Gloucester County Jail between June 29 and July 1, 1999 his numerous requests for medications went ignored. After being released from custody, McCorkle suffered a stroke, and his complaint alleged that his stroke and subsequent injuries resulted from the defendants' negligence in failing to provide him with the requested medication. McCorkle named as defendants "County of Gloucester, Sheriff's Department, and John Does (A-Z), as agents, servants and employees of the County of Gloucester."

Prior to filing his complaint in Superior Court, on July 26, 1999, McCorkle filed a notice of tort claim for damages against the "County of Gloucester – Sheriff's Office," claiming to be at fault "Gloucester County Sheriff's Officers, including but not limited to John Does A-Z; nurses and infirmary personnel[]." Pursuant to General Star's insurance policies, General Star and Summit assumed the legal defense of the County of Gloucester

3

and the County Sheriff Department. The County filed a general liability notice of McCorkle's claim dated August 9, 1999 with appellee and subsequently sent a copy of McCorkle's civil complaint to appellee.

In a letter dated November 11, 2003, appellee's counsel, responding to the County of Gloucester's attempts to seek appellee's monetary contribution for the defense of the McCorkle complaint, asserted to the County of Gloucester that it had never been placed on notice that its insured, the Gloucester County Health Department, had been sued and that "[s]eeking monetary contribution from Princeton is wholly inappropriate under these facts." According to appellee's policy with the Gloucester County Health Department, "A claim for injury shall be considered as being first made when a written claim for injury is first made against the insured." Appellee was required under the terms of the policy to pay all sums which its insured "shall become legally obligated to pay as damages because of injury to which this insurance applies caused by a medical incident," which was defined as "any act or omission in the furnishing of professional medical . . . or nursing services."

On November 24, 2003, the County of Gloucester and Mr. McCorkle entered into a Release and Settlement for the sum of $150,000.00. At no time prior to settlement was McCorkle's complaint amended to identify the John Does.

On March 17, 2004, the County of Gloucester filed a complaint in the Superior Court of New Jersey for Gloucester County against appellants and appellee, and the case subsequently was removed to the United States District Court for the District of New Jersey. The County asserted breach of contract claims against appellants and appellee,

4

seeking to recover the $100,000.00 that it contributed to the settlement in the McCorkle matter plus legal fees. Appellants filed an answer to the County's complaint and asserted a cross-claim against appellee for the $50,000.00 that appellant General Star contributed to the settlement in the McCorkle matter plus legal fees. Appellants subsequently settled with the County. As part of the settlement, appellants obtained all claims and rights of the County against appellee. Appellants then filed a motion to amend the County's complaint in the district court to substitute themselves as plaintiffs by virtue of the assignment. The motion was granted by the Honorable Joel B. Rosen on April 7, 2006, and appellants filed their amended complaint on April 13, 2006.

On June 23, 2006, appellants and appellee filed motions for summary judgment in the District Court. After considering the motions and briefs of each party and hearing argument, the District Court on December 20, 2006 issued an order granting appellee's motion for summary judgment and denying appellants' motion for summary judgment.

Appellants timely filed a notice of appeal on January 18, 2007. Appellants raise five issues on appeal: 1) whether the District Court properly granted summary judgment in favor of appellee; (2) whether the District Court properly denied plaintiffs' motion for summary judgment; (3) whether the District Court applied the correct standard of review to interpret the insurance contract at issue; (4) whether the District Court properly dismissed appellants' bad faith claims; and (5) whether the District Court abused its discretion when it denied appellants' request at oral argument for additional discovery.

## II.

Review of the District Court's decision to grant summary judgment is plenary, <u>see</u>

5

Couden v. Duffy, 446 F.3d 483, 491 n.3 (3d Cir. 2006). Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56; see also Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). An issue is "material" only if the dispute over facts "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248. If the record taken as a whole in a light most favorable to the nonmoving party "could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986) (citation omitted).

We also have plenary review over the District Court's interpretation of state law, Chem. Leaman Tank Lines, Inc. v. Aetna Cas. & Sur. Co., 89 F.3d 976, 983 (3d Cir. 1996), as well as its conclusion as to the legal operation of an insurance policy, New Castle County v. Hartford Accident & Indem. Co., 933 F.2d 1162, 1183 (3d Cir. 1991). New Jersey law applies to this case, and we apply that state's substantive law. See Borse v. Piece Goods Shop, Inc., 963 F.2d 611, 613 (3d Cir. 1992).

Denial of discovery, however, is reviewed under an abuse of discretion standard. See Mass. Sch. of Law at Andover, Inc. v. Am. Bar Assoc., 107 F.2d 1026, 1032 (3d Cir. 1997). An abuse of discretion exists only where the District Court's decision rests upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact. Doebler's Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 819 (3d Cir. 2006).

Under New Jersey law, determination of the proper coverage of an insurance contract is a question of law. Atl. Mut. Ins. Co. v. Palisades Safety & Ins., Ass'n., 837 A.2d 1096, 1098 (N.J. Super. Ct. App. Div. 2003). "[T]he first step in examining an insurance contract is determining whether ambiguity exists," Pittston Co. Ultramar Am. Ltd. v. Allianz Ins. Co., 124 F.3d 508, 520 (3d Cir. 1997), and this determination is a question of law for the court, Int'l Union, United Auto. v. Mack Trucks, Inc., 917 F.2d 107, 111 (3d Cir. 1990). Ambiguity exists if "the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." Weedo v. Stone-E-Brick, Inc., 405 A.2d 788, 795 (N.J. 1979). An insurance contract is often viewed as a contract of adhesion, and thus its terms when ambiguous are to be construed against the drafter, i.e., the insurance company. See Voorhees v. Preferred Mut. Ins. Co., 607 A.2d 1255, 1260 (N.J. 1992); see also Allianz Ins. Co., 124 F.3d at 520 ("Under New Jersey law, *contra proferentum* requires any ambiguities in an insurance contract to be resolved in favor of the insured."), citing Kampf v. Franklin Life Ins. Co., 161 A.2d 717 (N.J. 1960).

An insurance policy should be interpreted according to its plain meaning. See Benjamin Moore & Co. v. Aetna Cas. & Sur. Co., 843 A.2d 1094, 1103 (N.J. 2004). "When the terms of an insurance contract are clear . . . it is the function of a court to enforce it as written and not make a better contract for either of the parties." State v. Signo Trading Int'l, Inc., 612 A.2d 932, 938 (N.J. 1992) (citation omitted); see also Longobardi v. Chubb Ins. Co. of N.J., 582 A.2d 1257, 1260 (N.J. 1990) ("[T]he words of

7

an insurance policy should be given their ordinary meaning, and in the absence of an ambiguity, a court should not engage in a strained construction to support the imposition of liability.").

In this case, the District Court found that the Princeton "policy, as evidence of the parties' objective intentions and beliefs, insures only the Health Department as a corporate entity separate from other county departments and agencies." The Court stated, "The plain meaning of the policy and the consistency with which the named insured is identified leads this Court to conclude that there is no ambiguity as to the named insured."

Pursuant to this conclusion of law, the District Court determined that the appellee did not breach its duty to defend "because there was no contractual duty on the part of Princeton to defend when the insured was not a defendant." As the Court recognized:

> [T]hat the Health Department could, and probably should, have been named as a defendant do[es] not change the fact that it was not a named defendant. Princeton and its counsel contacted the underlying plaintiffs' counsel on at least one occasion to clarify whether the Health Department was a defendant. The Health Department was not. Moreover, and quite importantly, the complaint was never amended to identify the unnamed nurses. Therefore, there was never a named insured on whose behalf the defendant, Princeton Insurance, could have answered.

We agree with the reasoning of the District Court. It is undisputed that the underlying McCorkle complaint did not name the Gloucester County Health Department and also never was amended to identify the unnamed defendant nurses. It is impossible to conceive how appellee was obligated to defend the McCorkle claim where its named insured was not implicated. There was never a named insured on whose behalf appellee could have answered.

8

Though appellants argue that the District Court reached its conclusion that there was no ambiguity as to the named insured "without sufficient credible evidence as to the parties' objective intentions and beliefs," appellants are wrong: the court had before it as sufficient credible evidence the Princeton insurance policy itself. From this evidence, the court determined, and we agree, that the plain meaning of the policy with respect to its named insured – which includes the language, "Insured name and address: Gloucester Health Department, care of County of Gloucester," and consistently refers to the named insured as "Gloucester County Health Department c/o County of Gloucester" – was unambiguous.

Appellants argue that the County of Gloucester and the County Health Department are one legal entity, and thus the County is a named insured notwithstanding the fact that the Princeton insurance policy expressly covers only the Gloucester County Health Department. However, because the insurance policy nowhere indicates or even intimates that the County of Gloucester is a named insured, appellants' argument must fail. Further, because the determination of whether ambiguity in the contract exists is a question of law for the court, appellants' contention that the deposition testimony of certain County agents and employees suggesting that the Princeton policy covers the County as well as the Health Department is without consequence.

Appellants' argument that the District Court applied the incorrect standard also fails. Though under New Jersey law *contra proferentum* requires any ambiguities in an insurance contract to be resolved in favor of the insured, the District Court properly found no ambiguities to resolve. In the words of the District Court, the policy contains "no

ambiguous terms to be construed against the drafter; the contract term in dispute is definite."

## IV.

Under New Jersey law, every insurance contract contains an implied covenant of good faith and fair dealing. Sears Mortgage Corp. v. Rose, 634 A.2d 74, 84 (N.J. 1993). Appellants argue that, pursuant to the New Jersey Supreme Court decision Griggs v. Bergram, 443 A.2d 163 (N.J. 1982), appellee breached its duty of good faith and fair dealing by not properly investigating the McCorkle complaint. In Griggs the Court stated:

> Upon the receipt from its insured of a claim or notification of an incident that may give rise to a claim, an insurer is entitled to a reasonable period of time in which to investigate whether the particular incident involves a risk covered by the terms of the policy. But once an insurer has had a reasonable opportunity to investigate, or has learned of grounds for questioning coverage, it then is under a duty promptly to inform its insured of its intention to disclaim coverage or of the possibility that coverage will be denied or questioned.
>
> Unreasonable delay in disclaiming coverage, or in giving notice of the possibility of such a disclaimer, even before assuming actual control of a case or a defense of an action, can estop an insurer from later repudiating responsibility under the insurance policy.

443 A.2d at 168 (citations and quotation marks omitted).

We agree with the District Court that appellee's contractual duty to defend was never implicated by the McCorkle complaint and that since there was no duty to defend there can be no Griggs violation. As stated above, appellee's named insured was never a party to the underlying McCorkle litigation because the McCorkle complaint failed to identify either the Gloucester County Health Department or any Health Department

10

employee. Again, there was never a named insured on whose behalf appellee could have answered.

The unnamed nurses referenced in the McCorkle complaint did not trigger appellee's duty to investigate. Appellants argue, "Instead of taking the minimal steps necessary to determine if one of their named insured were [sic] implicated, Princeton made the conscious decision to ignore the claim for four years." The essence of appellants' Griggs argument is that appellee should have taken steps to inject its client into the case. However, as the District Court stated, "[A]n insurer is under no obligation to expose its insured to liability by intervening in litigation in which the insured is not a party." Like the District Court, we do not read Griggs to require an insurance company to intervene in litigation where there is no chance that its insured will incur liability.

Appellants argue that appellee engaged in bad faith and should be estopped from denying coverage for two reasons: (1) appellee took affirmative steps to involve itself in the underlying litigation and then discontinued its defense without notice to the insured; and (2) it was unreasonable for appellee to allow four years to elapse between first receiving notice of a claim and disclaiming coverage. Appellants' contention that "Princeton notified the County that it would protect the County's interests by assigning counsel to defend the County" is unsupported by the record. Appellee did not notify the County of Gloucester but its insured, the Gloucester County Health Department, that it would protect its interests pursuant to the terms and conditions of the insurance policy and that it had assigned counsel to the matter. Also, because its insured never was a party to the underlying litigation, appellee naturally never took affirmative steps to involve

11

itself in the underlying litigation. Second, appellee's duty promptly to inform an insured of the intention to disclaim coverage or of the possibility that coverage will be denied or questioned never was triggered in this case because, as stated above, the contractual duty to defend was never implicated by the McCorkle complaint.

## V.

The District Court did not abuse its discretion when it denied the requests for additional discovery made by appellants. At oral argument, appellants' counsel asserted, "It is very important that you allow us to go back and ask the county what the structure of the government is and what they think . . . . [I]f the whole case is going to turn on this one issue, and that's what it's sounding to me right now, I think we need to go and ask the county what the structure of the government is and whether or not the Health Department is a separate legal entity or not."

As the District Court noted, "[P]laintiffs suggest, for example, that discovery should be taken on what the freeholders thought, etcetera." However, the relevant question of whether the naming of the Gloucester County Health Department as an insured under the Princeton policy also implied coverage for the County of Gloucester is one of law, not fact. As stated above, we find that the District Court properly exercised its function to enforce the contract as written when it held the contract term was definite and there was no question of material fact regarding whether the contract covered both the County of Gloucester and the Gloucester County Health Department. By its express and clear terms, the Princeton policy unambiguously covered the Health Department only, and additional discovery would not have revealed any ambiguity in the insurance contract.

12

The District Court found no reason to allow additional discovery. Because we find no basis upon which to conclude that the District Court's decision to disallow additional discovery rested upon a clearly erroneous finding of fact, an errant conclusion of law, or an improper application of law to fact, the District Court's decision to deny appellants' requests for additional discovery be affirmed.