Tara VORHEES, Plaintiff,

v.

TIME WARNER CABLE NATIONAL DIVISION, t/d/b/a Lower Bucks Cablevision, Defendant.

No. CIV. A. 99–4727.

United States District Court, E.D. Pennsylvania.

Aug. 14, 2000.

Timothy M. Kolman, Langhorne, PA, for plaintiff.

William J. Delany, Philadelphia, PA, for defendant.

## MEMORANDUM

LOWELL A. REED, Jr., Senior District Judge.

Plaintiff Tara Voorhees ("Voorhees")[1] brought this action against defendant Time Warner Cable National Division ("Time Warner"), alleging violations of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*, and the Pennsylvania Human Relations Act, 43 Pa.S.A. §§ 951, *et seq.*[2] This action is related to another action also before this Court, *Voorhees v. Time Warner Cable Nat'l Div.*, Civil Action No. 98–1460 ("*Voorhees I* ").[3] Plaintiff has filed a motion to consolidate the two actions (Document No. 21), and defendant has filed a motion to dismiss this action, or in the alternative, for summary judgment (Document No. 8). For the following reasons, plaintiff's motion to consolidate will be granted and the defendant's motion to dismiss will be denied.

The factual background of this case is set forth in this Court's ruling on defendant's motion for summary judgment in

1. Despite the fact that plaintiff's name is misspelled on the docket in this case, I use its correct spelling in the text of the decision with the exception of the caption.

2. Because plaintiff has notified the Court of her intent to voluntarily dismiss Count II of the complaint, which was brought pursuant to 42 U.S.C. § 1981A, the Court will not address that count today.

3. The latter, related case involves the same plaintiff and defendant and was brought under the Family Medical Leave Act, of 1993, 29 U.S.C. §§ 2601–2654.

*Voorhees I,* and therefore I will not recount the facts in detail here. *See Voorhees v. Time Warner Cable Nat'l Div.,* No. 98–1460, 1999 WL 673062 **1–2, 1999 U.S. Dist. LEXIS 13227, at *1–5 (E.D.Pa. Aug. 26, 1999). Suffice it to say that during her employment as a customer service manager with Time Warner, plaintiff took two leaves of absence within a five-month period for medical reasons.[4] After her return from the first leave of absence, which lasted three months, plaintiff's job responsibilities were altered. Soon after plaintiff did not return to work at the end of her second authorized leave of absence, which lasted approximately four weeks, plaintiff was terminated.

Plaintiff alleges that the alteration of her job responsibilities and her termination violated the Americans with Disabilities Act (ADA) and the Pennsylvania Human Relations Act (PHRA). Defendant argues that because the claims in this action and those in *Voorhees I* are dependent on the same set of facts, plaintiff should have brought her ADA claim in *Voorhees I,* and her failure to do so commands dismissal of this action case. Defendant also contends that plaintiff's complaint fails to state a claim under the ADA.

## II. ANALYSIS

While defendant calls its filing a motion to dismiss or, in the alternative, for summary judgment, I will address it only as a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. The language of defendant's brief is overwhelmingly that of a motion to dismiss, and plaintiff has responded to the motion as if it were solely a motion to dismiss. Moreover, neither party has provided the Court with evidence from which the Court might determine the presence or absence of a genuine issue of material fact, as it must on a motion for summary judgment. Should either party deem it necessary to

file a motion for summary judgment on the ADA/PHRA claims under Rule 56(c) of the Federal Rules of Civil Procedure in the wake of today's ruling, the Court will entertain it.

The purpose of a motion to dismiss for failure to state a claim is to test the legal sufficiency of the allegations contained in the complaint. *See Kost v. Kozakiewicz,* 1 F.3d 176, 183 (3d Cir.1993). "In a Rule 12(b)(6) motion, the court evaluates the merits of the claims by accepting all allegations in the complaint as true, viewing them in the light most favorable to the plaintiffs, and determining whether they state a claim as a matter of law." *See Gould Elecs., Inc v. United States,* 220 F.3d 169, 178 (3d Cir.2000) (citing *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1420 (3d Cir.1997)). It is the defendant's burden to show that no claim has been stated. *See Kehr Packages v. Fidelcor,* 926 F.2d 1406, 1409 (3d Cir.), *cert. denied,* 501 U.S. 1222, 111 S.Ct. 2839, 115 L.Ed.2d 1007 (1991). A complaint will be dismissed only if the plaintiff could not prove any set of facts that would entitle him to relief. *See Nami v. Fauver,* 82 F.3d 63, 65 (3d Cir.1996) (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

### A. Claim Preclusion and the Motion to Consolidate

■ The parties present overlapping arguments on the motion to consolidate and the motion for summary judgment. Defendant Time Warner argues that plaintiff's failure to bring her ADA claim along with her FMLA claim in *Voorhees I* is fatal to the instant action. Relying heavily on the decision of the Court of Appeals for the Third Circuit in *Churchill v. Star Enterprises,* 183 F.3d 184 (3d Cir.1999), Time Warner urges the Court to conclude that plaintiff's ADA claim is precluded.

---

4. From plaintiff's complaint, it appears she has suffered from severe digestive system problems and, later, anxiety and depression.

*Churchill* is distinguishable from the instant case on a number of grounds. First, *Churchill* involved a plaintiff's attempt to bring an ADA claim after a trial and verdict against her in a FMLA action that arose out of identical facts. Clearly, the case for claim preclusion is far more compelling in the wake of a trial, verdict, and judgment in a prior case; the potential for prejudice is far greater when a defendant is required to go to trial twice over the same set of facts. In *Churchill,* the court of appeals was primarily concerned with the fact that a trial had already taken place prior to the initiation of the new suit based on the same facts, and therefore held that the new ADA suit was precluded because plaintiff "could have brought an action on that (ADA) claim about three months before *Churchill I* went to trial." *Churchill,* 183 F.3d at 191. Such is not the case here. There has been no trial; only a ruling on a motion for summary judgment. Thus, the status of the two actions at issue here differs greatly from *Churchill,* and does not warrant the extreme remedy of dismissal of this action.[5]

The primary reason defendant's reliance on *Churchill* is misplaced is that plaintiff Voorhees is following the explicit recommendation of the court of appeals *Churchill.* The court of appeals observed that the plaintiff "should have moved to consolidate her two cases.... Churchill 'sat on her rights' when she could have attempted to join the ADA claim to the FMLA claim in consolidated litigation." *Churchill,* 183 F.3d at 191. This plaintiff *has* moved to consolidate the two cases and thus taken the very step that would have rescued the plaintiff's claim from dismissal in *Churchill,* according to the court of appeals,.

Moreover, plaintiff did not "sit on her rights" with respect to her ADA claim. To the contrary, she filed this ADA claim early to *preserve* her rights under the ADA. Counsel for plaintiff has represented to the Court that this action was filed as a precautionary measure, because plaintiff was required to file suit within 90 days of receiving her right-to-sue notice from the Equal Employment Opportunity Commission, and a motion to amend the complaint in *Voorhees I* might not have been effective in preserving her ADA claim from the running of the 90–day limitations period.[6] I see no reason to doubt the representation of plaintiff's attorneys or to conclude that they were lackidaisical with respect to their pursuit of this claim; to the contrary, their efforts to preserve plaintiff's ADA claim appear to have been cautious, prudent, and reasonable.

Finally, the arguments of Time Warner in favor of claim preclusion seem inconsistent with a communication the Court received from counsel for Time Warner. While defendants have argued that plaintiff's ADA and PHRA claims should be dismissed because they were brought separately from *Voorhees I,* counsel stated in a letter to the Court that he did not oppose the consolidation of this action with *Voorhees I.* (Letter from William J. Delany, Counsel to Defendant, Jan. 27, 2000).[7] Consolidation would, of course, render moot the issue of whether plaintiff could

---

5. Likewise, the other case cited by plaintiff is not persuasive, as the second action in that case was filed only after final judgment had already been entered in the first action. *Harding v. Duquesne Light Company,* No. 95–589, 1995 WL 916926, 1995 U.S. Dist. LEXIS 21889 (W.D.Pa. Aug. 4, 1995).

6. Plaintiff could not have brought her ADA claim contemporaneously with her FMLA claim because under the ADA, plaintiff was required to first exhaust her administrative remedies with the Equal Employment Opportunity Commission. Plaintiff filed the instant action within a reasonable time after her administrative remedies were exhausted.

7. While plaintiff's motion to consolidate was filed after defendant's motion to dismiss, and thus defendant did not initially know of plaintiff's intent to consolidate the case, defendant has since continued to press its argument that plaintiff's ADA action should be dismissed because she failed to bring her ADA claim with her FMLA claim.

bring her FMLA and ADA claims separately.

■ Rule 42 of the Federal Rules of Civil Procedure provides, in pertinent part:

(a) Consolidation. When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in actions; it may order all the actions consolidated; and it may make such orders concerning therein as may tend to avoid unnecessary costs or delay.

The parties agree that there are common questions of fact here, and there appear to be common issues of law as well. And, as noted above, both parties have assented to the consolidation of these cases. Thus, I see no reason not to grant the motion for consolidation.

For the foregoing reasons, the motion for consolidation will be granted[8] and the motion to dismiss on the ground of claim preclusion is denied.[9]

## B. Qualified Individual

■ To state a *prima facie* case of discrimination under the ADA, a plaintiff must claim that (1) she is a disabled person within the meaning of the ADA; (2) she is otherwise qualified to perform the essential functions of her job, with or without reasonable accommodations by the employer; and (3) she has "suffered an otherwise adverse employment decision as a result of discrimination." *See Shaner v. Synthes,* 204 F.3d 494, 500 (3d Cir.2000) (quoting *Gaul v. Lucent Techs., Inc.,* 134 F.3d 576, 580 (3d Cir.1998)).

Defendant argues that plaintiff's ADA and PHRA claims[10] should be dismissed because she was not a "qualified" individual under the ADA. However, Time Warner is arguing the evidence and not the pleadings.[11] Plaintiff avers in her complaint that she was qualified for the position of customer service manager, and pled sufficient facts to support that assertion. (First Amended Complaint, at ¶¶ 20, 39). Evaluated in the light most favorable to the plaintiff, the complaint is sufficient to satisfy the "qualified" element of a claim under the ADA as a matter of law. The dual questions of whether plaintiff was unable to attend work and whether such an inability was sufficient to render her unqualified for the position of customer service manager can only be answered with evidence, and thus the questions are more appropriately addressed at the summary

---

**8.** Of course, the consolidation of these two cases does not reduce them to one cause of action; it merely combines the two causes of action procedurally for reasons of judicial efficiency. *See Cella v. Togum Constructeur Ensemleier en Industrie Alimentare,* 173 F.3d 909, 912 (3d Cir.1999) ("consolidation is permitted as a matter of convenience and economy in administration, but does not merge the suits into a single cause, or change the rights of the parties, or make those who are parties in one suit parties in another") (quoting *Johnson v. Manhattan Ry. Co.,* 289 U.S. 479, 496–97, 53 S.Ct. 721, 77 L.Ed. 1331 (1933)).

**9.** In its brief, defendant first argues that the complaint should be dismissed because plaintiff "impermissibly split her cause of action into separate lawsuits." Then, in a separate section, defendant argues that plaintiff's ADA and PHRA claims should be dismissed because they are "barred by estoppel or law of the case." These are all the same arguments,

all based on the doctrine of claim preclusion, which is precisely what the Court of Appeals for the Third Circuit addressed in *Churchill. See Churchill,* 183 F.3d at 189. Thus, my conclusion deny the motion to dismiss on the basis of claim preclusion under *Churchill* resolves defendant's separate arguments based on the splitting of the case, estoppel, and law of the case.

**10.** Though plaintiff brings her claim for disability discrimination under both the ADA and the PHRA, I will only discuss plaintiff's ADA claim, because the analysis is the same under both the ADA and the PHRA. *See Taylor v. Phoenixville Sch. Dist.,* 184 F.3d 296, 306 (3d Cir.1999).

**11.** Because the Court has construed the motion as a motion to dismiss under Rule 12(b)(6), arguments based on the evidentiary record are not appropriate at this stage.

judgment stage.[12] I conclude from the complaint that there is a set of facts consistent with the complaint under which plaintiff could be entitled to relief. Therefore, Time Warner's motion to dismiss plaintiff's ADA claim will be denied.

## C. Exhaustion of Administrative Remedies Under the PHRA

■ Time Warner also contends that plaintiff filed her charge of discrimination with the Pennsylvania Human Relations Commission outside of the 180-day limitations period set forth in the PHRA. *See* 43 Pa.S.A. §§ 959(a), 962. The last act of discrimination mentioned in the complaint, defendant contends, was September 9, 1997, and therefore plaintiff had until March 9, 1998 to file her charge of discrimination. Because plaintiff filed her charge of discrimination on March 19, 1998, defendant concludes, her charge was brought 10 days beyond the PHRA's 180-day period, and thus her ADA action is barred by her failure to timely exhaust her administrative remedies.

While plaintiff fails to address the limitations period issue, I conclude that there are factual issues that preclude this Court from concluding at this stage that plaintiff's PHRA claim is time barred. While plaintiff avers that she was informed that her position was being eliminated on September 9, 1997, plaintiff also alleges that at some time after that date, she was presented with a severance agreement that violated the ADA. The complaint did not specify when plaintiff received the agreement, and thus, it is not clear from the face of the complaint that plaintiff failed to comply with the PHRA's limitations period. *See Oshiver v. Levin, Fishbein, Sedran & Berman,* 38 F.3d 1380, 1384 n. 1 (3d Cir.1994) (A court may grant a motion to dismiss on the basis of a statute of limitations violation only "where the complaint facially shows noncompliance with the limitations period and the affirmative defense [of the running of the statute of limitations] clearly appears on the face of the pleading.") (citations omitted). If plaintiff received the severance agreement on or after March 19, 1998, this action is not barred at this stage of the case by a failure to timely exhaust administrative remedies;[13] thus, there is a set of facts consistent with the complaint under which plaintiff would be eligible for relief. The Court cannot conclude from the face of the complaint that plaintiff's charge of discrimination was filed late, and therefore her PHRA claim will not be dismissed.

## D. Separation Agreement

Time Warner urges the Court to conclude that plaintiff cannot state an ADA claim based on Time Warner's offer of a settlement agreement. Time Warner argues that the settlement agreement involved no adverse employment action, and therefore plaintiff has not pled a *prima facie* case of discrimination as to the settlement agreement.

I do not believe it is necessary or appropriate at this stage to parse the factual allegations in the complaint and decide today which factual allegations support plaintiff's ADA claim and which do not. Time Warner's argument on this issue is better suited for summary judgment, when the Court can sift through the evidence and determine whether there are sufficient

---

12. All but one of the cases defendant cited in support its argument as to lack of work attendance rendering a person unqualified for a position were decided not on motions to dismiss (which is where we find ourselves in this case), but at the summary judgment or default judgment stage.

13. This is true whether or not the Court or a jury ultimately determines that settlement agreement violated the ADA. All plaintiff must do is state a claim upon which relief may be granted, and this may include stating factual allegations that the Court or a jury may later determine do no not support the claim. Defendant could prevail on the statute of limitations issue at summary judgment if defendant produces evidence that the termination agreement was presented to plaintiff prior to September 19, 1997.

facts to support a reasonable jury's verdict in plaintiff's favor. I have concluded that plaintiff has pled sufficient facts to support the elements of an ADA claim. Whether every factual allegation in the complaint supports that ADA claim is a question for another day and another motion.[14] Therefore, defendants' motion to dismiss plaintiff's ADA claim insofar as it is based on the proposed separation agreement will be denied.

---

14. Similarly, I do not address or resolve today the impact of this Court's summary judgment ruling in *Voorhees I* on this case. The parties may raise such arguments in a motion for summary judgment on the ADA and PHRA claims, if they decide such a motion is necessary.