**MOURIK INTERNATIONAL B.V., Plaintiff,**

v.

**REACTOR SERVICES IN-TERNATIONAL, INC., et al., Defendants.**

No. CIV.A.G–01–299.

United States District Court,
S.D. Texas,
Galveston Division.

Jan. 17, 2002.

Gordon E Davenport, Jr., Davenport Law Firm, Alvin, TX, for Mourik International B.V.

Michael W. Hogue, Melancon and Hogue, Friendswood, TX, Charles B. Kirklin, Kirklin, Boudreaux and Leonard, Houston, TX, for Reactor Services International Inc.

*ORDER GRANTING DEFENDANT'S MOTION TO RECONSIDER CONSOLIDATION, MOTION FOR REMAND, AND MOTION TO DISMISS OR STAY PROCEEDING; AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND MOTION TO DISMISS COUNTERCLAIMS OF RSI, OR, IN THE ALTERNATIVE, TO ABATE AND REFER TO ARBITRATION*

KENT, District Judge.

This is a consolidated action consisting of two separate lawsuits brought by Plaintiff Mourik International B.V. ("Mourik") against several Defendants—the first, originally filed in this Court to enforce the judgment of a foreign arbitration award pursuant to the Convention for the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958 (also known as "the New York Convention"), and the latter, a removed state court action to enjoin Defendants from using illicitly obtained trade secret technology and information. Now before the Court are various Motions filed by Plaintiff and Defendant Reactor Services International, Inc. ("RSI"). For the reasons articulated below, the Court hereby **GRANTS** Defendant's Motion to Reconsider Consolidation, Motion for Remand, and Motion to Dismiss or Stay Proceeding, and hereby **DENIES AS MOOT** Plaintiff's Motion for Summary Judgment and Motion to Dismiss Counterclaims of RSI, or, in the Alternative, to Abate and Refer to Arbitration.

### I.

On November 1, 1996, Plaintiff Mourik, a Dutch corporation, entered into an agreement with Defendant RSI, a Texas corporation, to jointly acquire and execute contracts to provide services to certain refineries and petrochemical installations.

The agreement specifically stipulated that "trade secret" technology would be used only in connection with activities under the contract and remain the property of the party to whom it belonged. On April 3, 1998, Mourik filed suit against Defendants RSI, J.W. Hall Enterprises, Inc., and United States Filter Corporation (collectively "Defendants") in the 23rd Judicial District Court of Brazoria County, Texas, Cause No. 4172*BH98, alleging that following the performance of a job contemplated under the agreement in Baytown, Texas, Defendants unlawfully broke into Mourik's shipping container, and photographed, measured, and pilfered a portion of Mourik's trade secret equipment. Mourik specifically asserted causes of action for fraud, conversion, and breach of contract, and sought to enjoin Defendants from fabricating and disseminating any illicitly obtained trade secret technology and information.

On April 15, 1998, RSI filed a Motion to Abate, in deference to the Parties' prior written agreement to refer any dispute arising under the contract to the Netherlands Arbitration Institute. Mourik, however, refused to submit to arbitration and instead continued with its state court action. RSI then filed its Original Answer and Counterclaim for Damages, Declaratory Relief, and Request for Injunction. On June 3, 1998, the state court issued a temporary injunction ordering Defendants to return any equipment procured from Mourik's shipping container—including a G–6 catalyst loading funnel, grit blasting hat and nozzles, handle bar grip apparatus, and scrapper—to Mourik's attorney for the duration of the lawsuit, and stayed the proceeding pending further order of the court. On June 12, 1998, the state court dissolved the stay and overruled the Parties' various pleas in abatement, specifically allowing RSI to withdraw its Motion to Abate on the basis that "Plaintiff has waived [sic] its right to compel arbitration." Shortly thereafter, Mourik filed a Petition for Writ of Mandamus in the Fourteenth Court of Appeals seeking to overturn the June 12, 1998 order. The appellate court denied Mourik's petition on January 26, 1999. In spite of these rulings, Mourik submitted its dispute to the Netherlands Arbitration Institute and obtained a default arbitration award against RSI on December 14, 1999. On May 24, 2001, Mourik filed suit in this Court to enforce the default arbitration award pursuant to The Convention for the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, as implemented into federal law under 9 U.S.C. §§ 201 *et seq.* (Civil Action No. G–01–299). After dismissing all of its state court claims, thereby leaving intact only RSI's counterclaims, Mourik also removed its state court action to this Court on August 2, 2001 (Civil Action No. G–01–462). These two lawsuits were consolidated into the present action on August 16, 2001. Now, both Parties seek dispositive relief from this Court, the issues underlying which the Court now turns.

## II.

In its Motion to Reconsider Consolidation and Motion for Remand, RSI argues that Mourik's state court case was improperly removed under federal law, therefore invalidating this Court's subsequent consolidation order, and necessitating a remand of the case to its court of origin. The Court agrees. Mourik predicates its removal jurisdiction upon 9 U.S.C. § 205, which states in pertinent part that "where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceed-

ing is pending." Although not a defendant to the action, Mourik suggests that its position as a counterdefendant entitles its to remove. Specifically, Mourik argues that because it non-suited all of its claims against Defendants prior to removal, leaving intact only RSI's counterclaims, it is properly considered a "defendant" with removal privileges under 9 U.S.C. § 205.

■ The Court finds that the plain language of 9 U.S.C. § 205 directly contravenes Plaintiff's assertion. As has been interpreted by other courts, Section 205, in stipulating that "[t]he procedure for removal of causes otherwise provided by law shall apply," explicitly incorporates the general removal statutes found in 28 U.S.C. §§ 1441–1452. *See, e.g., Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 624–25 (8th Cir.1997) ("General removal law applies to cases which are removed under the Convention's removal provision ..."); *In the Matter of Amoco Petroleum Additives Co.*, 964 F.2d 706, 712 (7th Cir.1992) (holding specifically that Section 205 incorporates the provisions of 28 U.S.C. § 1447 that authorize remand for defects in removal procedure and block appellate review of such remands). As such, the propriety of Mourik's removal is evaluated under the same light as removals brought pursuant to 28 U.S.C. §§ 1441–52.

■ It is well established under general removal law that a Plaintiff, even in its capacity as a counterdefendant, may not remove a case to federal court. *See, e.g., Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 105–08, 61 S.Ct. 868, 871–72, 85 L.Ed. 1214 (1941) ("We can find no basis for saying that Congress, by omitting from the present statute, all reference to 'plaintiffs,' intended to save a right of removal to some plaintiffs and not to others."); *Scott v. Communications Services, Inc.*, 762 F.Supp. 147, 149–50 (S.D.Tex. 1991) ("No court since 1938, however, has

held that the plaintiff may remove a case as counterdefendant, and the well-established rule is that the plaintiff, who chose the forum, is bound by that choice, and may not remove the case."). Applying this firm rule to the case at hand, Mourik was not authorized to remove the state court action, whether under 9 U.S.C. § 205 or any other removal statute, thereby rendering the removal improper. Because the removal was improper, this Court's consolidation order was also improvident. Fed. R.Civ.P. 42(a) authorizes consolidation only "[w]hen actions involving a common question of law or fact are *pending before the court ...*" Mourik's improperly removed action was never actually "pending before the Court," and therefore was never subject to Rule 42 consolidation. *See, e.g., United States v. Brandt Construction Co.*, 826 F.2d 643, 647 (7th Cir.1987) ("But Rule 42(a) requires that *both* actions be 'pending before the court' and an improperly removed action does not meet this criterion."). In light of the improper removal and consolidation of Mourik's state court action, the Court hereby **GRANTS** Defendant's Motion to Reconsider Consolidation and Motion for Remand. Mourik's improperly removed state court case, originally filed as Civil Action No. G–01–462, is hereby **SEVERED** from Civil Action No. G–01–299, and that portion of the case *only* is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas.

### III.

■ RSI also seeks a dismissal or stay of Mourik's action to enforce the default arbitration award conferred by the Netherlands Arbitration Institute. Specifically, RSI urges this Court to abstain from exercising its jurisdiction over this dispute because of the existence of "exceptional circumstances" as recognized in *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236,

47 L.Ed.2d 483 (1976). The type of abstention permitted under *Colorado River* is premised upon "considerations of '[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation.'" *Id.,* 424 U.S. at 817, 96 S.Ct. at 1246 (quoting *Kerotest Mfg., Co. v. C–O–Two Fire Equipment Co.,* 342 U.S. 180, 183, 72 S.Ct. 219, 221, 96 L.Ed. 200 (1952)). The question of whether a federal court should defer to concurrently pending state court actions involves different considerations than the question of deferral where actions are pending in another federal court. *Id.; Evanston Ins. Co. v. Jimco, Inc.,* 844 F.2d 1185, 1190 (5th Cir.1988); *Igloo Products Corp. v. Mounties, Inc.,* 735 F.Supp. 214, 217 (S.D.Tex.1990). Whereas the general principle with respect to parallel federal court proceedings is to avoid duplicative litigation, a pending state court action generally provides no bar to federal court proceedings concerning the same subject matter because of a federal court's "'virtually unflagging obligation'" to exercise its jurisdiction. *See Evanston,* 844 F.2d at 1190 (quoting *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246). Consequently, the circumstances that would permit a federal court to abstain from exercising its jurisdiction on the basis of "wise judicial administration" in the context of a concurrent state court proceeding are very limited. *Id.* (quoting *Colorado River,* 424 U.S. at 818, 96 S.Ct. at 1246).

 However, while the circumstances justifying the invocation of the *Colorado River* abstention doctrine may be rare, the Court finds that just such exceptional circumstances exist in the present case. In determining the appropriateness of a dismissal or stay of federal court proceedings, a court should examine several factors, including: the assumption by either court of jurisdiction over any res or property; the inconvenience of the federal forum; the desirability of avoiding piece-meal litigation; the order in which each forum obtained jurisdiction; whether state or federal law provides the rule of decision on the merits; and whether the state court proceeding will adequately protect the rights of the party that invoked federal jurisdiction. *See id.* (citing *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47; *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 941–42, 74 L.Ed.2d 765 (1983)). These factors should not be analyzed as items on a "mechanical checklist" but rather as they apply in a particular case, "with the balance weighted in favor of the exercise of jurisdiction." *See Moses H. Cone,* 460 U.S. at 16, 103 S.Ct. at 937. On balance, "[o]nly the clearest of justifications will warrant dismissal." *Colorado River,* 424 U.S. at 818–19, 96 S.Ct. at 1246–47.

In the instant case, the *Colorado River* factors overwhelmingly favor abstention, even when the balance is weighted towards exercising jurisdiction. First, the Court must determine whether this action involves any res or property over which either court has taken control. Here, the 23rd Judicial District Court of Brazoria County has assumed jurisdiction over property relevant to this case, whereas this Court has not. In an order dated June 3, 1998, the state court issued a temporary injunction ordering Defendants to transfer the equipment allegedly taken from Mourik's shipping container to Mourik's attorney until the conclusion of the lawsuit. The state court's issuance of a temporary injunction clearly evinces an assertion of jurisdiction over res or property crucial to this lawsuit. Mourik's grievances in both actions are centered around the theft of this trade secret equipment, and the default arbitration judgment Mourik seeks to enforce in this Court specifically mandates RSI to return such

property to Mourik. Therefore, this factor strongly favors abstention.

The Court must next assess the inconvenience of one forum relative to the other. In evaluating this factor, the Court assigns primary weight to the physical proximity of the federal forum to the evidence and witnesses. *See Evanston,* 844 F.2d at 1191. The essential question is not whether the state court is a more convenient forum but whether the inconvenience of this forum is "so great that this factor points toward abstention." *See id.* Defendant RSI is a Texas corporation with its principal place of business in Brazoria County, Texas, while Plaintiff Mourik is a Dutch corporation. Based on their respective geographical locations, the state court suit in Brazoria County is extremely convenient for RSI, while the state and federal fora are both equally inconvenient for Mourik. However, because Brazoria County is within the Galveston Division of the Southern District of Texas, and this Court regularly considers actions arising in Brazoria County, the slight inconvenience imposed by this forum is not so great as to compel abstention.

Third, the Court must weigh the possibility that exercising jurisdiction would result in piecemeal litigation. The Fifth Circuit has stated that "[t]he real concern at the heart of the third *Colorado River* factor is the avoidance of *piecemeal* litigation, and the concomitant danger of inconsistent rulings with respect to a piece of property." *Black Sea Inv., Ltd. v. United Heritage Corp.,* 204 F.3d 647, 650–51 (5th Cir. 2000) (citing *Evanston,* 844 F.2d at 1192). Because Mourik's suit involves jurisdiction over res or property, there exists a substantial danger of inconsistent rulings affecting property ownership. This factor therefore weighs heavily against the administration of concurrent federal proceedings.

Fourth, the Court must consider the order in which jurisdiction was obtained. This factor involves more than a determination of which complaint was filed first. More important is the question of how far the two actions have progressed. *See id.* at 1190 (citing *Moses H. Cone,* 460 U.S. at 21, 103 S.Ct. at 940). Here, the state court lawsuit was filed in April of 1998, while the federal lawsuit was filed more than three years later in May of 2001. Although Mourik asserts that the state court action has been dormant since June of 1998, the developments in the state court case from April to June of 1998 still exceed those in the present action. To date, this Court has done little more than consolidate Mourik's two lawsuits, and issue a Docket Control Order. Accordingly, this factor similarly supports abstention.

Fifth, the Court must address the question of whether state or federal law will be applied. In the instant suit, Mourik seeks redress under the Convention for the Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, as incorporated into federal law by 9 U.S.C. §§ 201 *et seq.* Although the presence of a federal law issue normally weighs against the surrender of federal jurisdiction, the unique circumstances of this case dictate otherwise. The core issue underlying the present lawsuit is whether Mourik waived its right to compel arbitration with RSI, therefore rendering the default arbitration award illegitimate and unenforceable. Whether Mourik waived its right to compel arbitration is an issue squarely determined by state law. Thus, although this case facially involves an international treaty, the fundamental issue underpinning this dispute turns wholly on a question of state law. Perhaps even more compelling is the fact that the state court in this particular instance has already made specific factual findings regarding Mourik's alleged waiver. In light of these facts, this

factor does not support the exercise of federal jurisdiction.

Finally, the Court must consider whether the parties will receive adequate protection in state court. Based on the limited information in the Court's possession, there is no reason to believe that Mourik would not be adequately protected in the state court action. However, because this factor can never weigh in favor of abstention, the Court regards this factor neutrally.

Viewed individually and cumulatively, then, the *Colorado River* factors weigh strongly in favor of abstention. Based on this six-factor analysis, the Court concludes that the administration of concurrent federal proceedings would be imprudent, and that Plaintiff's cause of action would be more wisely administered in the 23rd Judicial District Court of Brazoria County, Texas. As such, the Court hereby **GRANTS** Defendant's Motion to Dismiss, and **DISMISSES WITHOUT PREJUDICE** Plaintiff's remaining claims.

### IV.

In addition to RSI's Motions, Plaintiff has filed a Motion for Summary Judgment and a Motion to Dismiss Counterclaims of RSI, or, in the Alternative, to Abate and Refer to Arbitration. Because the Court has remanded the removed state court action containing RSI's counterclaims, Plaintiff's Motion to Dismiss is hereby **DENIED AS MOOT.** Similarly, because the Court has dismissed Plaintiff's cause of action to enforce the Netherlands Arbitration award, Plaintiff's Motion for Summary Judgment is also hereby **DENIED AS MOOT.**

### V.

For all of the reasons set forth above, Defendant RSI's Motion to Reconsider Consolidation, Motion for Remand, and Motion to Dismiss or Stay Proceeding are hereby **GRANTED.** Plaintiff's removed state court action, originally filed as Civil Action No. G–01–462, is hereby **SEVERED** from Civil Action No. G–01–299, and that portion of the case *only* is **REMANDED** to the 23rd Judicial District Court of Brazoria County, Texas. The Court respectfully defers any unresolved matters to the remand court. Plaintiff's remaining claims in this action are hereby **DISMISSED WITHOUT PREJUDICE** pursuant to the *Colorado River* abstention doctrine. Finally, Plaintiff's Motion for Summary Judgment and Motion to Dismiss Counterclaims of RSI, or, in the Alternative, to Abate and Refer to Arbitration, are hereby **DENIED AS MOOT.** Each Party is to bear its own taxable costs and attorney's fees incurred herein to date.

**IT IS SO ORDERED.**