ACR ENERGY PARTNERS,
LLC, Plaintiff,

v.

POLO NORTH COUNTRY CLUB,
INC., Defendant.

Civil Action No. 15–2677 (JBS/JS).

United States District Court,
D. New Jersey.

Signed Aug. 20, 2015.

Filed Aug. 21, 2015.

Stuart M. Brown, DLA Piper LLP, Wilmington, DE, for Plaintiff.

Stuart J. Moskovitz, Freehold, NJ, for Defendant.

## ORDER GRANTING IN PART AND DENYING WITHOUT PREJUDICE IN PART ACR'S MOTION TO CONSOLIDATE

JEROME B. SIMANDLE, Chief Judge.

This matter comes before the Court by way of Plaintiff ACR Energy Partners, LLC's (hereinafter, "ACR") unopposed motion to consolidate a recently removed action, *Polo North County Club, Inc. v. ACR Energy Partners, LLC,* Civil Action No. 15–5324 (JBS/JS) (hereinafter, the "Removed Action") with this earlier-filed action, *ACR Energy Partners, LLC v. Polo North County Club, Inc.,* Civil Action No. 15–2677 (JBS/JS) (hereinafter, the "Original Action"), on the ground that both actions present common issues relative to ACR's long-standing battle with Polo North County Club, Inc. (hereinafter, "Polo North") concerning the manner in which (if at all) to electrify the former Revel

Casino property in Atlantic City, New Jersey. [*See* Docket Item 80.]

For the reasons that follow, ACR's motion to consolidate will be denied without prejudice to the extent it seeks to have these actions consolidated for all purposes, but granted to the extent that the Court will address the jurisdictional issue discussed below in a single, consolidated decision.[1]

ACR filed an Amended Complaint in the Original Action on April 17, 2015.[2] [*See* Docket Items 1 & 13.] In its Amended Complaint, ACR generally identifies itself as the exclusive source of energy services for the Revel complex, as well as the owner of a maze of energy equipment and a distribution system within the Revel facility (hereinafter, "ACR's claimed distribution system"). (*See generally* Am. Compl. at ¶¶ 1, 915.) In acquiring the Revel complex, however, ACR alleges that Polo North declined to reach any contractual arrangement with it regarding the provision of energy services, and instead looked for alternative providers and expressed an "intention" to interfere with ACR's claimed distribution system. (*Id.* at ¶ 35.) As a result, ACR alleges various property claims for trespass and conversion, and seeks injunctive, declaratory, and monetary relief. (*See id.* at ¶¶ 36–70.) Following multiple hearings on an application for a temporary restraining order, Polo North moved to dismiss the Original Action for lack of subject matter jurisdiction on May 25, 2015. [*See* Docket Item 60.]

On June 15, 2015, Polo North then filed its initial state court Complaint in the Removed Action, seeking, in essence, to eject ACR from the central utility plant adjacent to the Revel complex—and on land now owned by Polo North. (*See generally* Compl. at ¶¶ 1–6 in the Removed Action.) ACR removed the action on July 7, 2015 [*see* Docket Item 1 in the Removed Action], and Polo North's mo-

tion to remand followed. [*See* Docket Item 14 in the Removed Action.]

In the pending motion to consolidate, ACR argues that the Removed Action should be consolidated with the Original Action because they "involve a single set of operative facts and identical questions of law," namely, ACR's "possessory and other rights" under 11 U.S.C. § 365(h). (ACR's Mot. at ¶¶ 14–15.) As a result, ACR asserts that "consolidation would ensure consistent adjudication of the factual and legal issues in the [c]ases, would conserve judicial resources, and would be the most time (and cost) effective way for the Court to resolve" both actions. (*Id.* at ¶ 16.)

Under Federal Rule of Civil Procedure 42(a),[3] "district courts have 'broad power' to consolidate cases that share 'common question[s] of law or fact.'" *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 212 (3d Cir.2014) (quoting *Ellerman Lines, Ltd. v. Atl. & Gulf Stevedores, Inc.*, 339 F.2d 673, 675 (3d Cir.1964), *cert. denied*, 382 U.S. 812, 86 S.Ct. 23, 15 L.Ed.2d 60 (1965); citing *United States v. Schiff*, 602 F.3d 152, 176 (3d Cir.2010) (noting that a district court has "broad discretion in its rulings concerning case management")). The mere existence of common issues, however, does not require consolidation. *See Liberty Lincoln Mercury, Inc. v. Ford Marketing Corp.*, 149 F.R.D. 65, 80–81 (D.N.J. 1993) (citations omitted). Nor can administrative or judicial efficiency serve, on its own, as a basis to consolidate. *See id.*

Here, the Court finds consolidation for all purposes inappropriate for two related reasons.

First, Federal Rule of Civil Procedure 42(a) allows consolidation only of "actions *before* the court." FED.R.CIV.P. 42(a) (emphasis added). However, an action that has allegedly been improperly removed, as

---

1. The deadline to file opposition expired on July 20, 2015.

2. For purposes of the pending motion, the Court need not retrace the lengthy history of these actions and writes only for the benefit of the parties.

3. Federal Rule of Civil Procedure 42(a) specifically provides that, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; (3) or issue any other orders to avoid unnecessary cost or delay." FED.R.CIV.P. 42(a)(1)-(3).

Polo North argues here,[4] fails to constitute an action " 'before the court' " for purposes of consolidation. *Eagle Vista Equities, LLC v. Vielma*, No. 151452, 2015 WL 1600704, at *2 (C.D.Cal. Apr. 8, 2015) (citations omitted); *Mourik Int'l B.V. v. Reactor Servs. Int'l, Inc.*, 182 F.Supp.2d 599, 602 (S.D.Tex.2002) (same); *United States v. Brandt Constr. Co.*, 826 F.2d 643, 647 (7th Cir.1987) (finding that an improperly removed case is not "pending before" the district court for purposes of Rule 42(a) consolidation) (emphasis in original) (citations omitted). These cases therefore appear, from the outset, as improper candidates for consolidation.

Second, even assuming that consolidation would be appropriate, the Court must, in addressing the pending jurisdictional issue, look at each component action. In these cases, however, the substantive rights of the parties markedly differ in the event the Court ultimately determines that it lacks subject matter jurisdiction. Indeed, lack of subject matter jurisdiction would "not extinguish" the Removed Action, but would instead require that it be remanded to state court. *Bradgate Assocs., Inc. v. Fellows, Read & Assocs., Inc.*, 999 F.2d 745, 751 (3d Cir.1993) (noting the procedural distinctions between removed and originally-filed actions). The Original Action, by contrast, would be dismissed outright, albeit with the arguable right to refile in the proper forum. *See id.* In other words, if the Court consolidated these actions but ultimately resolved the jurisdictional question favorably to Polo North, the Court would be required to "apply the rules pertaining to dismissal and remand as if the cases had retained their separate identities and had never been consolidated." *Id.* The practical realities of these procedural circumstances render consolidation inappropriate at this time.

 ACR's motion will therefore be denied without prejudice to the extent it requests that the Original and Removed Actions be consolidated for all purposes. Given the undisputed identity of the jurisdictional issue presented in these actions, the Court will, however, resolve that issue in a single, consolidated decision. *Grove Press, Inc. v. City of Phila.*, 300 F.Supp. 281, 284 (E.D.Pa. 1969) (declining to consolidate a removed case with an action originally filed in federal court, but still deciding the common issue across both cases in a single decision).[5] Consequently, and for good cause shown;

IT IS this *20th* day of *August,* 2015, hereby

**ORDERED** that ACR's motion to consolidate [Docket Item 80] shall be, and hereby is, *DENIED WITHOUT PREJUDICE* to the extent it seeks to have the Removed Action consolidated with the Original Action for all purposes, but *GRANTED* to the extent that the Court will address the jurisdictional issue in a single, consolidated decision.

---

4. Indeed, Polo North has moved to remand the Removed Action on precisely that basis. [*See* Docket Item 14 in the Removed Action.]

5. In the event the Court resolves the jurisdictional question favorable to ACR, and retains these actions in federal court, ACR may renew its motion for consolidation.